FILED

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Eric K. Conklin, # 19393-058
        Plaintiff,
FCI - Beckley
POB 350
Beaver, WV 25813

CASE NUMBER  1:07CV00155

JUDGE: Reggie B. Walton

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 01/22/2007

United States Bureau of Prisons,
        Defendant.

---

PETITION FOR CIVIL ACTION

PURSUANT TO

TITLE 5 U.S.C. §552a

---

RECEIVED

DEC 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

December 25, 2006

Eric K. Conklin, Pro Se
Reg.#19393-058
FCI-Beckley
P.O. Box 350
Beaver, WV 25813

1

## FOOTNOTES

Footnote #1 - All references to the Pre-sentence Investigation
        Report, ("PSI") do not contain an Exhibit notation due
        to the fact that Bureau of Prisons policy prohibits Plain-
        tiff from possessing a copy of his PSI. As such, the Court
        must look to it's own records in order to obtain a copy
        of said document. The original criminal case number is
        1:03-CR-00096-001, adjudicated at the Federal Courthouse
        for the Western District of Virginia, located in Abingdon,
        Virginia.

Exhibit-I - This Exhibit is not referenced in this Petition.
        It contains miscellaneous correspondence and is included
        herein only as proof of Plaintiff's diligence in attempt-
        ing to have agency records concerning him amended.

## STATEMENT OF SUBJECT MATTER JURISDICTION

Eric Kave Conklin, (Plaintiff), is an inmate at the Federal Correctional Institution-Beckley, in Beaver, West Virginia, in custody under a sentence imposed in the United States District Court for the Western District of Virginia, in Abingdon, Virginia.

Plaintiff files the instant petition under the Privacy Act, Title 5 of United States Code §552a, (P.A.). Plaintiff has exhausted his administrative remedies which is prerequisite to civil action under the above cited statute.

The principal instances of federal jurisdiction are those cases "arising under [the] Constitution [and] the laws of the United States," those "to which the United States shall be a party." **U.S. Constitution**, Article III, Section 2.

While Federal District Courts have limited jurisdiction in that they have such jurisdiction as is explicitly conferred by federal statutes, 28 U.S.C. §1330 et. seq., this Court is conferred jurisdiction in this matter specifically under §1331. According to §1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The Federal District Court for the District of Columbia has jurisdiction over the instant matter since the Plaintiff is currently a federal prisoner actioning an agency of the United

(2)

States, domiciled within the legal boundries of the District
of Columbia.

## STATEMENT OF ISSUES

1.)    This Court should not hold Plaintiff to the
       same standards as an attorney and should construe
       this petition liberally under whatever law, rule,
       or practice is appropriate.

2.)    The Bureau of Prisons, (BOP), is using incorr-
       ect information contained within their files, namely,
       statements contained in Plaintiff's Pre-sentence In-
       vestigative Report, (PSI), when making determinations
       regarding Plaintiff's custody level, classification,
       and other matters affecting Plaintiff.

3.)    The BOP, utilizing Plaintiff's PSI, has and
       continues to misinterpret statements made to govern-
       ment officials by non-law enforcement individuals.
       Such statements are unsupported and are contradictory
       within themselves.

4.)    The BOP has failed to abide by the requirements
       of the Privacy Act, in that, Plaintiff has, through
       the administrative remedy process, identified the in-
       correct information that the BOP is using, and the

BOP has failed to attempt to correct, or cause to
be corrected, the inaccuracies as is required by
statute.

5.)     Plaintiff alleges the BOP continues to maintain
inaccurate records relating to Plaintiff; the BOP
has intentionally failed to correct same; proximate
causation exists as the BOP continues to make adverse
determinations regarding Plaintiff, thus meeting the
required elements for a damage claim set out in 5
U.S.C. §552a(g)(1)(C).

### ISSUE 1

As a pro se pleader, and a federal prisoner, Plaintiff
invokes the full benefits and protections of the liberal plead-
ings and construance doctrine, as expressed in **Haines v. Kerner**,
404 US 519 (1972); **Boag v. MacDonald**, 454 US 364 (1982) (all
pro se pleadings must be liberally construed and treated—pro
se pleaders are not held to the same standards as attorneys—
leave to amend shall be freely and liberally given to pro se
pleaders); **Hill v. United States**, 368 US 424, 430 (1987) (pro
se pleadings must be construed liberally under whatever law,
rule, or proper avenue of relief—courts are not bound by the
couching of pro se pleadings, and must construe them to the
benefit of the pro se pleader).

### ISSUE 2

Unbeknownst to Plaintiff, and to many federal inmates, prior to their actually arriving at a BOP facility, and certainly not known to Plaintiff at the time of sentencing, the BOP utilized information contained in the PSI to calculate Plaintiff's custody level, to determine the location of incarceration, the type of inmates with whom he would be housed, and surely, many other decisions unknown to Plaintiff. The information contained in the PSI is compiled by an United States Probation Officer, (USPO), prior to sentencing. It is a brief life history of an inmate, including such background as, family, work, and criminal histories. Thre is also a synopsis referencing the crime for which one is to be sentenced and/or incarcerated. Therein lies the Plaintiff's chief complaint. Plaintiff's PSI contains two unsubstantiated statements claiming Plaintiff threatened one Josh Smeltzer with a firearm. Specifically, item numbers eight and nine are incorrect. In item #8, Mellisa Rowe, a person not at the scene of the alleged incident, made the claim that "Jessica Slone told her that Conklin had threatened an individual, by the name of Josh Smeltzer, with a firearm because he believed Smeltzer had ripped him off." **See**, PSI[1], pg.3-4, item #8. In item #9, one Gary Deel stated that "he had seen Conklin with a firearm, a black and chrome 9mm pistol, and that he saw Conklin threaten Smeltzer with that firearm." **Id**, pg.4, item #9. In item #12, of Plaintiff's PSI, one Miranda Jewell disputes the claim made by Deel by stating that Deel was not present, and that no firearm was brandished, as does the Plea Agreement, ("Plea"), between the Department of Justice and the Plaintiff, where it is stated that, "The United States agrees to stipulate

that, for purposes of sentencing pursuant to 18 U.S.C. §924(c),
no firearm was actually brandished during the commission of
the crime set forth in the indictment." See, Exhibit A, Plea
Agreement, pg.2, item#2, ¶1. (Emphasis added.)

Plaintiff, through the Freedom of Information Act, (FOIA),
requested that the United States Bureau of Alcohol, Tobacco,
Firearms and Explosives, ("ATF"), furnish him with copies of
records within their agency's control concerning the "black
and chrome 9mm pistol" Deel claims, in item #9 of the PSI, to
have seen in Conklin's possession, and which the government
claims, in item #15 of the PSI to be the firearm Plaintiff poss-
essed, giving the United States jurisdiction to indict Plaintiff.
The Disclosure Division of the ATF confirmed no such information
is contained within any of their agencies files. Combined with
the government's stipulation in Plaintiff's Plea that no firearm
was brandished by Plaintiff, only one conclusion is possible;
those unsubstantiated claims used in the PSI are fabrications
and must be incorrect.

## ISSUE 3

Many statements made in Plaintiff's PSI are unsubstantiated
and contradictory. These statements were not made by law enforce-
ment officers. They were made by admitted opiate addicts whom
were, at the time of their statements, under indictment/arrest
for crimes in which they were seeking to get a break or a deal
from law enforcement officers. All such statements are contrad-

icted by other information contained in the PSI, or other doc-
uments as set forth in Issue 2. The use of this incorrect inform-
ation continues to adversely affect Plaintiff.


                              ISSUE 4


     Since learning that the BOP has, since June, 2004, been
using incorrect statements contained in Plaintiff's PSI to make
determinations concerning him, Plaintiff has diligently sought
to have the inaccuracies amended.


     Plaintiff originally, through written correspondence with
the USPO who prepared his PSI, requested that corrections be
made to same in order to reflect the truth with no conflicting
statements. **See**, Exhibit B, (letter).    After numerous letters
to the United States Probation Office in Abingdon, Virginia,
the USPO finally wrote to Plaintiff claiming to be powerless
to amend the record. **See**, Exhibit C, (letter).    Plaintiff
then requested, through BOP Form BP-S148.055, (cop-out), to
his Case Manager, to have the incorrect record amended. The
cop-out was evidently ignored, as Plaintiff never received a
response. Plaintiff then filed, through his Counselor, an Inform-
al Resolution Form, ("IRF"),(this action precedes a Request
for Admimistrative Remedy (Form BP-229(13), at FCI-Beckley).
The response was that the USPO would have to be contacted, that
the BOP could do nothing. (Neither the IRF nor the response
to same were included in Plaintiff's Central File as of November
9. 2006.) A Request for Administrative Remedy was then filed

with Plaintiff's Counselor on April 3, 2006. See, Exhibit D,
(BP-9).        On April 18, 2006, Plaintiff was called to the
Case Manager Coordinator's office to attempt to resolve the
dispute. Plaintiff was told that his Case Manager would correct
his custody level points and that the Public Safety Factor that
had been placed in his record would be removed from same if
he agreed to informally resolve the matter at that time. Reluc-
tantly, Plaintiff agreed to informally resolve the issue. Per
the Case Manager Coordinator, Plaintiff was to, through a cop-
out, request that his Case Manager correct the inaccuracies.
See, Exhibit E, (cop-out).   Again, this style of request was
ignored, as Plaintiff never received a response. Plaintiff,
on May 1, 2006, sent a cop-out to the Case Manager Coordinator,
requesting that he intervene and have his Case Manager to correct
his classification as had been agreed on April 18, 2006. See,
Exhibit F, (cop-out).   Again, the cop-out was never answered.
On May 9, 2006, Plaintiff again filed an Informal Resolution
Form with his Counselor, and again, the response was that Plain-
tiff would need to correspond with the USPO. See, Exhibit G,
(Informal Resolution Form).        On May 25, 2006, Plain-
tiff formally began the administrative remedy process. As of
October 12, 2006,—the date Plaintiff received the response
to his Central Office Administrative Remedy Appeal, (BP-231(13))—
Plaintiff has exhausted the administrative remedy process.

    The response from the BOP has consistently been the same;
that staff contacted the USPO that prepared the PSI, and that
the sentencing court found the information contained in the

PSI to be fact, therefore no changes would be made. See, Exhibit H, (BP-9, BP-10, BP-11, and associated responses).          To Plaintiff's knowledge, no BOP staff member has ever contacted the USPO concerning this matter. A review of Plaintiff's Central File found no notes regarding or copies of correspondence between BOP staff and the USPO.

As stated above, Plaintiff's PSI contains contradictory statements. These statements have been shown herein to be in-correct. The BOP has not attempted to rectify the problem whether it be by amending the record, or noting in Plaintiff's Central File it's attempt to contact the USPO that prepared the PSI, as required by statute.

Analysis of the inaccurate records element of the Privacy Act depends on whether the truth underlying the challenged statements is clearly provable or relatively easily ascertain-able. In typical cases, such as the instant case, where the truth can readily be ascertained, it is feasible, necessary, and proper for the agency using the records to make a determin-ation about an individual, and in turn, the USPO and the court, to determine whether each filed item of information in dispute is accurate, whereas in atypical cases where the truth is harder to determine, neither the agency nor the court is required to find and record the truth, rather it suffices to adjust the file equitably to reveal actual uncertainty. Plaintiff's Central File contains no such correction, adjustment, or notation as to any dispute regarding the claimed inaccuracies. This leaves

Plaintiff's BOP records open to be misconstrued by other BOP

staff, and/or any other federal agencies that may, at some future

date, have access to Plaintiff's Central File and/or related

documents with the intention of using said information to make

determinations about him.


### ISSUE 5


Plaintiff has adequately asserted the first element of

his Privacy Act claim, inaccurate records exist, in that, even

within itself, the PSI is contradictory, and that an obvious

senior document to the PSI, the Plea Agreement disputes the

PSI's claim that an individual was threatened with a firearm,

as stated in Issue 2 above.


The second element of Plaintiff's Privacy Act claim has

also been adequately shown and is proven by the BOP's intentional

failure to recognize the inaccuracies and correct same, or to,

in the least, make notation in Plaintiff's Central File as to

the innaccuracies and their irrelevancy. As such, the BOP has,

by failing to make an attempt to amend or to cause to be amended,

records used by the BOP to make determinations about Plaintiff,

fulfilled the second element of a claim under the Privacy Act.


The third element, proximate causation, is defined by

Barron's Law Dictionary as, "That which in natural and continuous

sequence unbroken by any new independent cause, produces an

event, and without which, that injury would not have occured.

323 P.2d 108, 114." In the instant case, Plaintiff asserts that

had BOP staff, during Plaintiff's original custody classification
proceedings, noticed or made note of the inaccuracies and con-
flicting statements contained in Plaintiff's PSI, he would not
have been classified as a high custody inmate, nor would he
have been sent 1,100 miles from home to the United States Penit-
entiary in Leavenworth, Kansas for the first fifteen months
of his BOP sentence. Had Plaintiff been classified correctly,
he would have been designated to a low custody facility, and,
more than likely, would have been housed much closer to home,
therefore facilitating visits from his family, especially his
father, who has since passed away never having the opportunity
to visit with Plaintiff during the final two years of his life.
Plaintiff was forced to spend fifteen months in a prison environ-
ment that was inappropriate for an inmate of his true and correct
custody clasification level. By continuing to refuse to correct
or to cause to be corrected BOP records concerning Plaintiff,
he remains housed in a medium security facility, which is two
security levels higher than his custody classification under
current BOP policy.

    Plaintiff has been injured by the BOP's action in numerous
ways, including places of incarceration, the type of inmates
Plaintiff was forced to be housed with, and continues to be
housed with. Plaintiff, being housed such a long distance from
his home originally, was basically denied visitation from his
family, as their already poor health prohibited them from trav-
eling halfway across the United States to visit. Of these in-
juries, the worst by far, is that Plaintiff was never allowed

to visit with his father before he passed away. The reason being that Plaintiff was housed at USP leavenworth instead of a lower custody facility closer to his home that would have made such visits possible.

Plaintiff asserts that the third and fourth elements of a claim under the Privacy Act have been proven, proximate causation through the above cited injuries, and, the fact that the BOP continues to use incorrect information in making determinations adverse to Plaintiff—his continuing to be housed in a facility not in accord with his custody classification level under current BOP policy—proves the fourth and final element for a claim under Title 5 U.S.C. §552a(g)(1)(C).

## CONCLUSION

As set forth here and above, Plaintiff has clearly demonstrated that the BOP continues to maintain inaccurate records pertaining to him. The BOP has intentionally failed to correct or attempt to cause to be corrected such records. That proximate causation exists, namely that had these errors not been made and continuously left uncorrected, Plaintiff would be housed in a BOP facility in less onerous conditions. Lastly, in it's uncorrected form, the BOP has and will continue to make adverse determinations regarding Plaintiff.

These above listed four conditions satisfy the four required elements for Plaintiff to prevail in this action. As

such, Plaintiff respectfully request that the Court grant an

Evidentiary Hearing for the purposes of proving his claim under

the Privacy Act. In order to prepare for said evidentiary hear-

ing, Plaintiff hereby asks the court to order the United States

to make disclosure as set forth in the accompanying Motion for

Discovery.


As allowed under the Privacy Act, Plaintiff hereby asks

the Court to rule in his favor in this matter and order the

United States Probation Department and the United States Bureau

of Prisons to make the changes required in their respective

records in order to correct the inaccuracies as set forth herein.

Further, as allowed by the Privacy Act, Plaintiff hereby asks

this Court to award Plaintiff damages in an amount the Court

deems appropriate.


Respectfully submitted this the 25 day of December, 2006.



Eric Kave Conklin, Pro Se
Reg.#19393-058
FCI-Beckley
P.O. Box 350
Beaver, WV 25813



## CERTIFICATE OF SERVICE


I hereby certify that a true and correct copy of the fore-

going Petition for Civil Action has been mailed, postage prepaid,
to Mr. Christopher Erlewine, General Counsel for the Bureau
of Prisons, located at, Home Owners Loan Corporation Building,
320 First Street NW, Washington, DC 20534, and that same has
been placed in the inmate mail system at FCI-Beckley on this
the 25 day of December, 2006.

Eric K. Conklin, Pro Se

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JAN 1 2 2004

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

EXHIBIT A
(8 pages)

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:03CR96 |
| | : | |
| ERIC KAVE CONKLIN | : | |

PLEA AGREEMENT

My counsel and I have entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

1.      CHARGE(S) TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

I will enter a plea of guilty to Count One (1) and Count (2) of the Indictment charging me with using and carrying during and in relation to and/or possessing in furtherance of a drug trafficking crime, a firearm in violation of 18 U.S.C. Section 924(c) (Count One) and possession of a firearm after having been convicted of a felony in violation of Title 18, U.S.C. Section 922(g)(1) (Count Two). The maximum statutory penalty for Count One is a fine of $250,000 and/or life imprisonment, with a mandatory minimum sentence of five (5) years consecutive to any other term of imprisonment imposed on any other count, plus a period of supervised release. The maximum statutory penalty for Count Two is a fine of $250,000 and/or ten (10) years imprisonment, plus a period of supervised release. I understand that if it is determined that I have at least three prior convictions for serious drug offenses and/or violent felonies I will face a mandatory minimum sentence of fifteen years imprisonment and a maximum sentence of life imprisonment, pursuant to 18 U.S.C. 924(e). In addition, my assets may be subject to forfeiture. I understand that fees may be imposed to pay for incarceration or supervised release and that there will be a $100 special assessment per felony count of conviction. I further understand that my supervised release may be revoked if I violate its terms and conditions. If my supervised release is revoked, the original term of imprisonment may be increased. I understand that a violation of supervised release increases the possible period of incarceration.

My attorney has informed me of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before I could be found guilty as charged.

I acknowledge that I have had all of my rights explained to me and I expressly recognize

*Defendant's Initials:* EKC

FILED

07 0155

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

that I have the following constitutional rights and, that by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

    a. The right to plead not guilty and persist in that plea.
    b. The right to a speedy and public jury trial.
    c. The right to assistance of counsel at that trial and in any subsequent appeal.
    d. The right to remain silent at trial.
    e. The right to testify at trial.
    f. The right to confront and cross-examine witnesses.
    g. The right to present evidence and witnesses in my own behalf.
    h. The right to compulsory process of the court.
    i. The right to be presumed innocent.
    j. The right to a unanimous guilty verdict.
    k. The right to appeal a guilty verdict.

I am pleading guilty as described above because I am in fact guilty and because I believe it is in my best interest to do so and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be.

It is understood that the matter of sentencing is within the sole discretion of the Court, subject to the United States Sentencing Guidelines ("Sentencing Guidelines"). I understand that the Sentencing Guidelines apply to the charge(s) and may create a presumption of a mandatory period of incarceration. I have discussed sentencing issues with my attorney and realize that there is a substantial likelihood that I will be incarcerated. I understand that I will not be eligible for parole during any term of imprisonment imposed. I understand that the sentence will be determined presumptively from a variety of factors involved in the offense and related conduct, including my role in the offense and my prior criminal history.

I agree and stipulate that the matters set forth in all of the counts of the charging document(s) should be included as relevant conduct as defined in the sentencing guidelines.

## 2.    SENTENCING PROVISIONS

The United States agrees to stipulate that, for purpose of sentencing pursuant to 18 U.S.C. 924(c), no firearm was actually "brandished" during the commission of the crimes set forth in the Indictment.

I understand that other Sentencing Guideline sections may be applicable to my case and the United States and I will be free to make arguments that these other sections should or should not apply, to the extent that the arguments are not inconsistent with the stipulations set forth in the plea agreement.

I understand that the United States retains its right to seek an upward departure from the applicable sentencing guideline's range of imprisonment. I understand that the Court is not bound by these, or any other, recommendations or stipulations and may sentence me up to the statutory maximum. I understand that I will not be allowed to withdraw my plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement. I understand that the government will object to any motion for a downward departure.

*Defendant's Initials:*    _EPC_

### 3.    ACCEPTANCE OF RESPONSIBILITY

I agree to accept responsibility for my conduct. If I fulfill my obligations under this plea agreement and accept responsibility for my conduct, the United States will recommend that the Court grant me a two-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, at sentencing, will move that I receive a one-level reduction in my offense level, pursuant to U.S.S.G. § 3E1.1(b) for acceptance of responsibility.

However, I hereby agree and stipulate that if I do any of the following, I should not receive credit for acceptance of responsibility and the United States will be free to (a) make any recommendations it wishes at sentencing, (b) declare a breach of this plea agreement and/or (c) apply the remedies set forth in the "REMEDIES FOR BREACH OF PLEA AGREEMENT" paragraph:

(1) attempt to withdraw my guilty plea, (2) deny that I committed any crime to which I have pled guilty, (3) fail to cooperate with law enforcement agents, (4) fail to testify truthfully, as to any matter, if called upon to do so (at my sentencing or any other court proceeding), (5) refuse to answer any question, (6) make a false statement, (7) fail to timely pay any of the amounts set forth in the plea agreement, (8) fail to comply with any reasonable request of the United States Attorney's Office, (9) fail a polygraph examination, (10) refuse to take a polygraph examination, (11) make or adopt any arguments or objections to the presentence investigation report that are inconsistent with this plea agreement, (12) obstruct justice, (13) commit any other crimes or (14) otherwise indicate that I have not accepted responsibility for my conduct.

In addition, I understand and agree that the United States will have a continuing objection to my receiving credit for acceptance of responsibility until I have testified truthfully at my sentencing hearing. I agree that the United States will not be required to make any other notice of its objection on this basis.

### 4.    MANDATORY ASSESSMENT

I understand that persons convicted of crimes are required to pay a mandatory assessment of $100.00 per felony count of conviction. I agree that I will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due within 7 days of my plea of guilty. I understand and stipulate that if I fail to pay the special assessment within 7 days of my plea of guilty, I will not have demonstrated minimal acceptance of responsibility and should not be granted any reduction in my offense level under the Sentencing Guidelines for acceptance of responsibility.

### 5.    ADMISSIBILITY OF STATEMENTS

I understand that any statements I make (including this plea agreement and my admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing

*Defendant's Initials:* ___

and any statements I make or have made to law enforcement agents, in any setting, may be used against me in this or any other proceeding. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence.

I understand that my attorney may be present at any debriefing or contact with any agent or attorney of the United States. However, my attorney and I expressly waive the presence of counsel at such meetings and that government agents and attorneys may contact me without the prior approval of my attorney. At any time during such meetings with government agents and attorneys I may request the presence of my attorney and the meeting will be suspended until my attorney arrives.

6.        **AGREEMENT TO BE TRUTHFUL AND COOPERATE**

I agree to cooperate fully with law enforcement agents and disclose to law enforcement agents my knowledge of any criminal activity. I agree that I will testify truthfully. I agree to be debriefed by law enforcement agents concerning any matter and waive any right I may have to refuse to answer any questions. I agree that if the United States has any doubts concerning my truthfulness, I will take and pass a polygraph examination administered by an examiner chosen by the United States Attorney's Office as to any matters alleged in the charging document(s) and/or anything discussed in the debriefings.

I understand that any false statements given to law enforcement agents may result in a prosecution against me for a felony offense. I understand that if I testify falsely I will be prosecuted for perjury, a felony offense.

I agree not to falsely implicate anyone and understand that if I falsely implicate anyone the United States may prosecute me to the full extent of the law and make any sentencing recommendations it wishes.

7.        **RESTITUTION**

I agree to pay restitution for all matters included as relevant conduct. I agree and stipulate that a requirement that I pay restitution for all matters included as relevant conduct should be imposed upon me as part of any final judgment in this matter.

I further agree to make good faith efforts toward payment of this specific restitution obligation, with whatever means I have at my disposal. I agree that failure to do so will constitute a violation of this agreement. I will execute any documents necessary to release the funds I have in any repository, bank, investment or other financial institution in order to make partial or total payment toward the restitution imposed in my case.

8.        **PAYMENTS AND INMATE FINANCIAL RESPONSIBILITY PROGRAM**

I agree that the fine, restitution and/or assessment(s) are payable in full immediately. However, the parties agree that I will make minimum monthly payments of at least $100 during any period of incarceration and at least $200 during any period of supervised release or

*Defendant's Initials:*

probation. These amounts may be increased if the Court determines that I can make higher payments.

I further agree to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons, and to pay any fines, assessments or restitution not paid prior to incarceration through the auspices of such a program.

9.      **WAIVER OF RIGHT TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT**

I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court. **I agree and understand that if I file any court document seeking to disturb, in any way, the judgment and/or sentence imposed in my case, the United States will be free to take whatever actions it wishes based on this failure to comply with my obligations under the plea agreement.**

10.     **INFORMATION ACCESS WAIVER**

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

11.     **WAIVER OF WITNESS FEE**

I agree to waive all rights, claims or interest in any witness fee that I may be eligible to receive pursuant to Title 28, United States Code, Section 1821, for my appearance at any Grand Jury, witness conference or court proceeding.

12.     **FORFEITURE, OFFICIAL USE OR DESTRUCTION OF ITEMS SEIZED**

I consent to the forfeiture (administrative or otherwise), official use and/or destruction of any items obtained by law enforcement agents during the course of the investigation. I will execute any documents necessary to comply with this provision of this agreement.

13.     **WAIVER OF STATUTE OF LIMITATIONS & AGREEMENT TO ALLOW GOVERNMENT TO PROCEED BY INFORMATION**

I agree that if, for any reason, my conviction is set aside, or I fail to comply with any obligation under the plea agreement, the United States may file, by indictment or information,

*Defendant's Initials:* _____

any charges against me which were filed and/or could have been filed concerning the matters involved in the instant investigation. I hereby waive my right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consent to the filing of an information against me concerning any such charges. I also agree to waive any statute of limitations argument as to any such charges.

### 14.    SUBSTANTIAL ASSISTANCE

I understand that the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). I understand that even if I fully cooperate with law enforcement, the United States is under no obligation to make a motion for the reduction of my sentence. I understand that if the United States makes a motion for a reduction in my sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, I should be given.

### 15.    LIMITATION OF AGREEMENT

This agreement is limited to the Western Judicial District of Virginia and does not bind other federal judicial districts, nor does it bind any state or local authorities.

### 16.    EFFECT OF MY SIGNATURE

I understand that my signature on this agreement constitutes a binding offer by me to enter into this agreement. I understand that the United States has not accepted my offer until it signs the agreement.

### 17.    REMEDIES FOR BREACH OF PLEA AGREEMENT

I understand that if I fail to comply with any provision of this agreement, at any time, the United States Attorney's office may, at its election, pursue any or all of the following remedies: (a) declare this plea agreement void and proceed to trial; (b) refuse to recommend that I be credited with acceptance of responsibility; (c) refuse to dismiss any charges; (d) reinstate any dismissed charges; (e) file new charges; (f) terminate my opportunity to perform substantial assistance, if such opportunity has been provided; (g) refuse to make a substantial assistance motion, regardless of whether substantial assistance has been performed; (h) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (i) refuse to abide by any stipulations contained in this plea agreement; (j) take any other action provided for under this agreement or by statute, regulation or court rule. The remedies set forth above are cumulative and not mutually exclusive.

### 18.    EFFECTIVE REPRESENTATION

I have discussed the terms of the foregoing plea agreement and all matters pertaining to

*Defendant's Initials:* _____

the charges against me with my attorney and am satisfied with my attorney and my attorney's advice. I understand that I have the right to make known to the Court, at any time, any dissatisfaction or complaint I may have with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation. I hereby waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing.

19.      **GENERAL UNDERSTANDINGS**

I understand that the Court is not bound by any recommendations or stipulations contained in this agreement and may sentence me up to the maximum provided by law.

I understand that if the sentence is more severe than I expected, I will have no right to withdraw my guilty plea.

I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand that any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by the United States Attorney's Office regarding the effect of the guidelines on my case.

I understand that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and, in all likelihood, will recommend that I receive a substantial sentence.

I understand that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which I am pleading guilty.

I understand that this agreement does not apply to any crimes that I may commit hereafter, including perjury. I understand that if I should testify falsely in this or in a related proceeding I may be prosecuted for perjury and statements I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that my attorney will be free to argue any mitigating factors on my behalf, to the extent that they are not inconsistent with the terms of this agreement. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those

*Defendant's Initials:* _____

07 0155
**FILED**

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the charging document(s). Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: 1 - 12 - 0 4

Eric Kave Conklin, Defendant

I have fully explained to my client all rights available to my client with respect to the offenses charged in the pending indictment. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 1/12/04

Michael A. Bragg
Counsel for Defendant

Date: 1 - 12 - 04

Dennis H. Lee
Special Assistant United States Attorney
Virginia State Bar No. 91538

Defendant's Initials: EKC

(page A-8)

**EXHIBIT B**
**(2 pages)**

Eric Kave Conklin
Reg.# 19393-058
FCI - Beckley
P.O. Box 350
Beaver, WV 25813

January 16, 2006

United States Probation Office
180 West Main St. Room 237
Abingdon, Virginia 24212-0621

Re. Pre-sentence Report/ Case# 1:03-CR-00096

Dear Sirs:

A Pre-sentence report was ordered in the above case by
Judge James P. Jones in the United States District Court in
Abingdon Virginia, on January 12, 2004.
The Pre-sentence Report was compiled between January 12,
2004, and April 14, 2004, by Thomas O'Neill, a United States
Probation Officer in Abingdon Virginia.
The Pre-sentence Report contains incorrect information
that the Bureau of Prisons has used in making decisions that
are adverse to me regarding custody, security classification,
and location of incarceration.
Specifically, item numbers 8, and 9 of the Pre-sentence
Report are incorrect.
In item #8, on January 15, 2003, Mellisa Rowe stated that
"Jessica Slone told her that Conklin had threatened an individual
by the name of Josh Smeltzer with the firearm because he believed
Mr. Smeltzer had ripped him off." This statement was never
brought up in court, or admitted by me. The statement is clearly
unsubstantiated hearsay that would not have been admissible
had it been brought before the attention of the court.
In item #9, on March 3, 2003, Gary Deel was interviewed
by ATF agents, and the PSR reads that "he further stated that
he had seen Conklin threaten Smeltzer with that firearm". Item
#12 of the PSR plainly disputes Gary Deel's statement, where,
on March 25, 2003, Miranda Jewell told ATF agents that the only
passengers in the vehicle on the night in question, were, Jessica
Slone, Jessica's child, Eric Conklin, and herself (Miranda
Jewell). Gary Deel's name is never mentioned, he was not there,
he could not possibly have seen what is alleged in item #9.
To further substantiate my claim that both items #8, and
#9 are incorrect, the Plea Agreement between myself and the
United States Attorney, dated January 12, 2004, in item #2,
paragraph 1, "The United States agrees to stipulate for purposes
of sentencing, pursuant to 18 U.S.C. section 924(c), **that no
firearm was actually brandished** during the commission of the
crimes set forth in the indictment."

According to the case manager, here at Beckley, that is in charge of my file, Bureau of Prisons Policy Statement 5100.07 requires that prisoners that are incarcerated with weapons charges that include "threatening use", in the PSR, be given **a greatest severity** Public Safety Factor which is four custody level points higher than the same charge without "threatening use" mentioned in the PSR.

I am requesting, under the Privacy Act, and Title 5 of U.S.C. sect. 522a(e)(5), that the United States Probation Office in Abingdon Virginia, amend the inaccuracies in my Pre-sentence Report, and submit a revised copy to the Bureau of Prisons, specifically, to the Federal Correctional Institution in Beckley West Virginia, where I am currently incarcerated, and written notification to me after the requested changes have been made.

Sincerely,

Eric Kave Conklin

EXHIBIT C
(1 page)

# UNITED STATES DISTRICT COURT
## OFFICE OF THE PROBATION OFFICER
### WESTERN DISTRICT OF VIRGINIA

**WILLIAM P. ROSS III**
**CHIEF PROBATION OFFICER**

**RICHARD H. POFF FEDERAL BUILDING**
**P. O. BOX 1563**
**ROANOKE, VA  24007**



REPLY TO DIVISION OFFICE:

P.O. Box 621
Abingdon, VA  24212-0621
PHONE:        (276) 628-3183
FAX:          (276) 628-1354

February 27, 2006

Eric K. Conklin
Reg. # 19393-058
FCI - Beckley
P. O. Box 350
Beaver, West Virginia 25813

Dear Mr. Conklin:

In reference to your letter dated January 16, 2006, I have reviewed your presentence report, as well as the case agent's notes for which the offense conduct was taken from.  The information in paragraphs 8 and 9, for which you referenced, was taken from the case agent's reports.  During the objection stage of the presentence report, neither you nor your attorney objected to that information at that time and, on the date of your sentencing, the Honorable James P. Jones, Chief United States District Judge, found the information in the presentence report as fact.  Therefore, no changes will be made.

If you have further questions, please feel free to contact me.

Sincerely,

*Thomas V. H. O'Neill*
Thomas V. H. O'Neill
United States Probation Officer

TVO/jgc

07 0155

**FILED**

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT D**
**(2 pages)**

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _Conklin, Eric K._ _____ _19393-058_ _RBU_ _FCI - Beckley_

      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST** My PSI contains information that is incorrect. The BOP is using this incorrect data in making decisions regarding me. Specifically, Items 8 & 9 in the PSI are wrong. Both Items detail unsubstantiated claims that I threatened Josh Smeltzer with a firearm. In Item #8, a hearsay statement, a person not at the scene made such claim, based on someone elses supposed statement. In Item 9 a Gary Deel stated I threatened someone with a firearm. This person was not at the scene. The plea agreement I entered with the DOJ, the BOP's supervising agency, clearly states, "that no firearm was brandished". Clearly, in the justice system and with the DOJ, the plea agreement is a senior document to the PSI.

    In effort to resolve this matter I have spoken to my Unit Counselor, Case Manager and Unit Manager. All claim to be powerless to help, giving rise to this Administrative Remedy.

    The Privacy Act, 5 U.S.C. §552a(e)(5), requires that <u>each agency</u> that keeps a system of records must maintain them so as to insure accuracy and fairness "to the individual in determination". Enclosed as Exhibit A are synopsis of three federal court cases, one a SCOTUS case, that legally establish the requirement that <u>each agency</u> utilizing **(see attached)**

_____      _____

      DATE                        SIGNATURE OF REQUESTER

**Part B- RESPONSE**

07 0155

**FILED**

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____      _____

      DATE                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                    CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

                    **(page D-1)**

_____

      DATE                       RECIPIENT'S SIGNATURE (STAFF MEMBER)

the information is <u>required</u> to first insure the accuracy of
same and, if found inaccurate, to change the records as necessary
to insure accurateness and fairness. FCI - Beckley and the BOP
are required by Supreme Court of the United States precedent
to correct their records in my case. The Court opined "when
one agency sends records to another [] responsibility for in-
suring that information is accurate, relevent, timely and com-
plete lies <u>with the reviewing agency</u> which is making a determin-
ation about that person." <u>**Perry v. FBI**</u>, 479 U.S. 814 (1985).
Clearly the Probation Department, a sister agency to the BOP,
made the mistake. However, the BOP in my case is the "receiving
agency...making the determination" about me. Therefore, the
BOP is required by Supreme Court order to correct my records.
Using the incorrect information in my PSI has resulted in the
BOP applying a "greatest severity" Public Safety Factor on me,
and in calculating my current offense base score at 7 points,
again for a "greatest severity" crime. According to BOP Policy
Statement 5100.07, Appendix B, Pg. 1, such base scoring includes
"distribution of automatic weapons, exporting sophisticated
weaponry, brandishing or threatening use of a weapon" only these
violations result in a base score of 7 points. As my plea agree-
ment states, I did not brandish or threateningly use a firearm.
As such my base score on my current offense <u>must</u> be lowered
to the moderate range of 3 points.

   The Privacy Act and the Supreme Court decision in <u>**Perry**</u>
<u>**v. FBI**</u> require that FCI - Beckley and the BOP correct my records
to reflect the true facts.

EXHIBIT 2E

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
| D. Lennon / Case Manager | April 13, 2006 |
| FROM: | REGISTER NO.: |
| Eric K. Conklin | 19393-058 |
| WORK ASSIGNMENT: | UNIT: |
| Facilities / HVAC | RBU / 416 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

    This request follows my April 13, 2006, withdrawal of the

BP-9 I filed concerning the BOP's use of inaccuracies in my

PSI to make decisions that are adverse to me.

    After a lengthy conversation with Mr. Hamrick, I have

decided to "attack" the interpretation of my PSI, instead of

the incorrect statements contained in it.

    Therefore, I am requesting that you look into the interpre-

tation of my PSI along with policy statement 5100.07. I feel

that my points should be calculated at 3 instead of 7 for my

current offense, and that there should not be a "greatest

severity" public safety factor placed on me.

Once again, thank you for your time.
                    (Do not write below this line)

DISPOSITION:

07 0155

**FILED**

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| Signature Staff Member | Date |
|  |  |

Record Copy - File; Copy - Inmate          This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)        and BP-S148.070 APR 94

Printed on Recycled Paper

**EXHIBIT F**

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Mr Hunnick / CMC | DATE: 5-1-06 |
|---|---|
| FROM: Eric K. Conklin | REGISTER NO.: 17393-058 |
| WORK ASSIGNMENT: HVAC | UNIT: RBU/416 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Per our conversation of 4-18-2006, I gave Mr Lennon a cop-out,
on the same day, requesting that he look into the interpretation of
my PCT. He told me on that date to get back with you in
2 week if I had not gotten a response in that time frame.
I have not. I did speak to him briefly on the compound on
4-21. He told me he had spoken with you and would get back
to me on Monday, 4-24 to discuss the matter. On 4-25 I
wrote to him in his office. I was told that he had been
all week, and would not be here the following week. Is
there anyone else that can take care of this for me?
Mr Lennon, obviously, is too busy. Thank you.

(Do not write below this line)

DISPOSITION:

07 0155

**FILED**

JAN 2 2 2007

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                              and BP-S148.070 APR 94


Printed on Recycled Paper

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

Section 1 - To be completed by the Unit Counselor at the time inmate request Administrative Remedy.

Inmate Name: *Eric K. Conklin*          Register Number: *19393-058*

Assigned Unit: *RBU*          Counselor: *Koch*

Date of Request: *5-9-06*          Date of Incident: *Ongoing*

Specific Complaint: *Incorrect information in my PSI is being used to calculate my custody classification incorrectly.*

Informal Resolution was / was not accomplished. If not accomplished, inmate issued Request for Administrative Remedy Form. Inmate was advised to review Program Statement 1330.13, Administrative Remedy Program to ensure compliance with filing procedures.

*[signature]*          *19393-058*          *5-17-06*
Inmate Signature / Register Number          Date

*[signature]*          *5-17-06*
Counselor Signature          Date

Section 2 - To be completed by the Counselor when inmate submits Request for Administrative Remedy Form.

Date Submitted: *5-17-06*

Was issue discussed with the inmate. YES / NO. If no, reason: _____

_____

Were staff or departments noted in Administrative Remedy contacted YES / NO.

If no, reason. If yes, response: *Mr. Conner Your PSI is a U.S. District Court document. You will need to correspond directly with the US Probation Office.*

Informal Resolution was / was not accomplished. If not accomplished, staff submitted Request for Administrative Remedy Form to Administrative Remedy Coordinator.

*[signature]*          *19393-058*          *5/20/06*
Inmate Signature / Register Number          Date

*[signature]*          *5-20-06*
Counselor Signature          Date

*[signature]*          *5-22-06*
Unit Manager Signature          Date

07   0155

**FILED**

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. DEPARTMENT OF JUSTICE                      REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons                       ( pages)

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Eric K. Conklin | 19393-058 | RBU | FCI-Beckley |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** My PSI contains incorrect information. The BOP
is using this incorrect data in making decisions regarding me.
Specifically, Item #'s 8 & 9 in the PSI are wrong. Both of these
items detail unsubstantiated claims that I threatened Josh Smeltzer
with a firearm. In Item # 8, a hearsay statement, a person not
at the scene made such claim, based on someone elses supposed
statement. In Item # 9 a Gary Deel stated I threatened someone
with a firearm. He was not at the scene, and in Item # 12, a
Miranda Jewell substantiates the fact that Deel was not there.

    The plea agreement I entered into with the DOJ, the BOP's
supervising agency, clearly states, "that no firearm was bran-
dished". Clearly, in the justice system, and with the DOJ, the
plea agreement is a senior document to the PSI.

    In effort to resolve this matter I have spoken to my Unit
Counselor, Case Manager, Unit Manager and the Case Manager Co-
ordinator, the latter after my original filing of administrative
remedy relief on this same matter, that I later dropped thinking
it could be resolved by "reinterpreting" the wording of my PSI.

| 5-20-06 | (SEE ATTACHED) | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

---

**Part B- RESPONSE**

MAY 25 2006

07 0155

FILED

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 414529-F1

CASE NUMBER: _____

---

**Part C- RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

**(page H-1)**

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN     PRINTED ON RECYCLED PAPER     BP-229(13)
APRIL 1982

This "reinterpretation" of the wording in my PSI would still leave a government document, about me with incorrect information, giving rise to this second Administrative Remedy Request.

The Privacy Act, 5 U.S.C. §552a(e)(5), requires that <u>each agency</u> that keeps a system of records, must maintain them so as to insure accuracy and fairness "to the individual in the determination". Enclosed as Exhibit A are synopsis of three federal court cases, one a Supreme Court case, that legally establish the requirement that <u>each agency</u> utilizing the information is <u>required</u> to first insure the accuracy of same, and, if found inaccurate, to change the records as necessary to insure the accurateness and fairness. FCI-Beckley and the Bureau of Prisons are required by Supreme Court precedent to correct their records in my case. The Court opined "when one agency sends records to another [] responsibility for insuring that the information is accurate, relevent, timely and complete lies with <u>the reviewing agency</u> which is making a determination about a person." <u>Perry v. FBI</u>, 479 U.S. 814 (1985). Clearly the Probation Department, a sister agency to the Bureau of Prisons, made the mistake. However, the BOP in my case is the "reviewing agency... making the determination" about me. Therefore , the BOP is required by Supreme Court order to correct my records.

Using the incorrect information in my PSI has resulted in the BOP applying a "greatest severity" Public Safety Factor on me, and in calculating my current offense base score at 7 points, again for a "greatest severity" crime. According to BOP Policy Statement 5100.07, Appendix B, Page 1, such base scoring includes "distribution of automatic weapons, exporting sophisticated weaponry, brandishing or threatening use of a weapon", only these violations result in a base score of 7 points. As my plea agreement states, I did not brandish or threateningly use a firearm. As such, my base score on my current offense <u>must</u> be lowered to the moderate range of 3 points.

The Privacy Act and the Supreme Court decision in <u>Perry v. FBI</u> require that FCI-Beckley and the Bureau of Prisons correct my records to reflect the true facts.

```
                        RECEIPT - ADMINISTRATIVE REMEDY



DATE: MAY 26, 2006



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BECKLEY FCI

TO  : ERIC KAVE CONKLIN, 19393-058
      BECKLEY FCI    UNT: POPLAR    QTR: A08-416L



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 414529-F1
DATE RECEIVED  : MAY 25, 2006
RESPONSE DUE   : JUNE 14, 2006
SUBJECT 1      : PUBLIC SAFETY FACTOR APPEALS
SUBJECT 2      :
INCIDENT RPT NO:
```

**REQUEST FOR ADMINISTRATIVE REMEDY**                    **BEC-414529-F1**

Your Request for Administrative Remedy received May 25, 2006, has been reviewed. Specifically, you contend items 8 & 9 in your Presentence Investigation Report (PSI) are incorrect. You also contend the Bureau of Prisons is using this incorrect data in making decisions regarding your public safety factor rating.

Our review reveals the United States Probation Office has already responded to your claim that your PSI is inaccurate. In a letter dated February 27, 2006, they state, "The Honorable James P. Jones, Chief United States District Judge, found the information in the presentence report as fact. Therefore, no changes will be made." However, as your unit team told you, they will not hold you accountable for threatening with a firearm because the probation officer was simply quoting a third party, and your PSI does not state that you should be held accountable for threatening with a firearm.

Based on this review, I can find no basis for further administrative action. Your request for Administrative relief is partially granted. If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.

_4\9\06_
Date

_Charles T. Felts, Warden_

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Conklin, Eric K.__     __19393-058__     __RBU__     __FCI-Beckley__
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** Since filing the enclosed BP-9, FCI-Beckley has removed the Public Safety Factor and lowered my custody level points to the correct amount for my current offense. While this technically corrects the BOP's records, it does not correct the underlying document; the PSI.

According to the Privacy Act, 5 U.S.C. §552a(e)(5), my first recourse is to cause the custodian of the records to correct the mistakes therein. As an inmate confined to the BOP, the custodian of said record, i.e. the PSI, is the BOP. As such, under the Privacy Act, my only recourse is to insist that the BOP take whatever steps are necessary to correct the federal document containing the inaccuracies. Again, this is what the Privacy Act and current jurisprudence from the Supreme Court dictate.

Please see verbiage contained in the attached BP-9.

__6-16-06__
DATE

__Eric K.__ (signature)
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

JUN 2 2 2006

Bureau of Prisons
MARO Regional Counsel

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: __414529-R1__

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

**(page H-5)**

_____
DATE

_____
SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JULY 15, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : ERIC KAVE CONKLIN, 19393-058
      BECKLEY FCI    UNT: POPLAR    QTR: A08-416L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 414529-R1
DATE RECEIVED  : JUNE 22, 2006
RESPONSE DUE   : AUGUST 21, 2006
SUBJECT 1      : PUBLIC SAFETY FACTOR APPEALS
SUBJECT 2      :
INCIDENT RPT NO:

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: JULY 15, 2006



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : ERIC KAVE CONKLIN, 19393-058
      BECKLEY FCI    UNT: POPLAR    QTR: A08-416L



ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID       : 414529-R1
DATE RECEIVED   : JUNE 22, 2006
RESPONSE DUE    : AUGUST 21, 2006
SUBJECT 1       : PUBLIC SAFETY FACTOR APPEALS
SUBJECT 2       :
INCIDENT RPT NO:

# Regional Administrative Remedy Appeal
## Part B - Response

**Date Filed: June 22, 2006**            **Remedy No.: 414529-R1**

You appeal the Warden's response to your Request for
Administrative Remedy.  You allege information in your Pre-
Sentence Investigation Report (PSI) is inaccurate and request
your PSI be corrected.

The Bureau of Prisons does not have the authority to modify your
PSI.  Per Program Statement 5800.11, <u>Inmate Central File,</u>
<u>Privacy Folder, and Mini-Files</u>, if an inmate challenges
information in the PSI, staff should inform the appropriate U.S.
Probation Office (USPO) in writing of the disputed information,
and request that a written response also be provided.  On
February 27, 2006, the USPO wrote to you and advised you
that the court had adopted the PSI as fact, so it would
not be changed.  We find no reason to depart from the decision
made by the institution.

Your appeal of the Warden's response is denied.  If you are
dissatisfied with this response, you may appeal to the General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534.  Your appeal must be received in the
General Counsel's Office within 30 days from the date of this
response.

JUL 1 8 2006
_____              _____
Date                                 K. M. White
                                     Regional Director
                                     Mid-Atlantic Regional Office



U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Conklin, Eric K.__     __19393-058__     __RBU__     __FCI-Beckley__
     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**    As I have already stated in the original Request
for Administrative Remedy, and the subsequent appeal to the
Regional Director, (all of which should be considered and review-
ed as part of this BP-11), the Privacy Act and Supreme Court
precedent require the BOP to have my PSI corrected to reflect
the truth without contradictory hearsay statements. The verbiage
contained in the BP-9 supplies the statement of fact. However,
I would like to note that staff here at FCI-Beckley, or at USP
Leavenworth (where I was previously housed due to the inaccur-
acies contained in the PSI), have never, to my knowledge, "in-
formed the USPO of the disputed information", as required by
the BOP's own policy (P.S. 5800.11). The letter referenced in
the Regional Administrative remedy Appeal, Part-B Response,
dated Febuary 27, 2006 is in response to a letter I wrote to
the U.S. Probation Officer that compiled my PSI, not BOP staff.
The above referenced Response also references P.S.5800.11 as
the controlling authority for changing my PSI. Surely, Congress,
through the Privacy Act, and Supreme Court precedent hold more
weight than BOP Program Statements.

DATE __7-28-06__           SIGNATURE OF REQUESTER

**Part B—RESPONSE**



RECEIVED

Administrative Remedy Section

---

DATE                               GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE            CASE NUMBER: __414529__

**Part C—RECEIPT**                                    CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____      **(page H-9)**
     DATE                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)
                                                 APRIL 1982

USP LVN        Printed on Recycled Paper

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 13, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : ERIC KAVE CONKLIN, 19393-058
      BECKLEY FCI    UNT: POPLAR    QTR: A08-416L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 414529-A1
DATE RECEIVED  : AUGUST 7, 2006
RESPONSE DUE   : OCTOBER 6, 2006
SUBJECT 1      : PRESENTENCE INVESTIGATION REPORT (ERRORS, ETC.)
SUBJECT 2      :
INCIDENT RPT NO:

**Administrative Remedy No. 414529-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend your Presentence Investigation Report (PSI) contains inaccurate information. You request to have your PSI corrected "to reflect the truth without contradictory hearsay statements."

Our review indicates the Warden and Regional Director adequately responded to the issue raised in your appeal. Program Statement (P.S.) 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>, states an inmate may challenge the accuracy of information in his central file and is required to provide staff with sufficient information in support of a challenge (i.e., names of persons to contact, government agency, etc.). P.S. 5800.11 also states that if an inmate challenges information in the PSI, staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided.

Our investigation revealed that, in response to your challenge to information in your PSI, you have already been informed in writing by the U.S. Probation Office that the information in your PSI was adopted as fact by the Sentencing Court and no changes will be made. The Bureau of Prisons does not have the authority to make changes to the PSI. Therefore, we concur with the responses provided and find them appropriate.

Your appeal is denied.

_10/2/2006_
Date

Harrell Watts, Administrator
National Inmate Appeals

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: 1-9-C6 |
| Mr. Leamon/Case Manager | |
| FROM: Eric K. Conklin | REGISTER NO.: 19393-058 |
| WORK ASSIGNMENT: HVAC | UNIT: RBU - 416 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I am in the process of trying to get information
from the government concerning statements in my
P.S.R. They tell me I don't have enough information
so, I need to copy some things down again.
Thanks again for your help.

Sincerely

_____

(Do not write below this line)

DISPOSITION:

07 0155

**FILED**

JAN 2 2 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

| Signature Staff Member | Date |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)     This form replaces BP-148.070 dated Oct 86
                                          and BP-S148.070 APR 94
(page I-11)

Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| Mr Lennon / Case Manager. | 1-16-06 |
| FROM: Eric K. Conklin | REGISTER NO.: 19393-058 |
| WORK ASSIGNMENT: HVAC | UNIT: RBU/416 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

For my records, could I please get copies of
my Sentence Computation Data sheet, and my Custody
Classification Form (BP-338)?

Thanks again for your help.

Sincerely,

EKC

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)        This form replaces BP-148.070 dated Oct 86
                                             and BP-S148.070 APR 94
**(page I-2)**

Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Mr. Lemmon/Case Manager | DATE: 3-9-06 |
|---|---|
| FROM: Eric K. Conklin | REGISTER NO.: 19393-058 |
| WORK ASSIGNMENT: HVAC | UNIT: RBU/416 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I have spoken to you numerous times concerning
my disagreeing with item #5, 8, and 9, of my
PSR. I have been in contact with US Probation and
Parole in Abingdon Virginia where my PSR was compiled.
They tell me that the BOP must request amendment
and only after I have requested such from you.
I am doing so at this time. I am including a copy
of my plea agreement please see Item #2, paragraph
L. It plainly disputes any "threatening use".

Thank you

(Do not write below this line)

DISPOSITION: Had team 3-16-06, asked Mr Lemmon if he
had recieved this cop-out, and copy of Plea Agreement, he
stated he had not recieved either, and that if I filed
under admin. Remedy I was wasting my time. I asked him to
please note, on my Program Review report (last page) about this
conversation, he refused.

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                This form replaces BP-148.070 dated Oct 86
                                                    and BP-S148.070 APR 94

Printed on Recycled Paper

Eric Kave Conklin
Reg.#19393-058
FCI - Beckley
P.O. Box 350
Beaver, WV  25813


March 22, 2006


Thomas V.H. O'Neill
United States Probation Officer
P.O. Box 621
Abingdon, VA 24212-0621


Dear Mr. O'Neill:

   I am in receipt of your letter dated Feburary 27, 2006,
informing me of your decision that no changes will be made to
my presentence report.

   I disagree with your refusal. The federal government, under
the Privacy Act, is required to keep accurate records that are
not contradictory, and that is certainly the case in my situ-
ation.

   I am requesting, in accordance with Title 5 of United States
Code §552a(d)(1)(B)(ii), a review of your refusal by the head
of your agency, or, that your office provide me with the pro-
cedures established by your agency for me to request a review
of your refusal to amend my PSR. I also request, under the same
statute, the name and business address of the reviewing official.


                    Sincerely,


                    Eric Kave Conklin

RECEIPT - ADMINISTRATIVE REMEDY


DATE: APRIL 5, 2006



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BECKLEY FCI

TO  : ERIC KAVE CONKLIN, 19393-058
      BECKLEY FCI    UNT: POPLAR    QTR: A08-416L



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 408642-F1
DATE RECEIVED  : APRIL 3, 2006
RESPONSE DUE   : APRIL 23, 2006
SUBJECT 1      : PUBLIC SAFETY FACTOR APPEALS
SUBJECT 2      :
INCIDENT RPT NO:

## EXHIBIT A

Each federal agency that maintains system of records is required
to maintain records so as to assure accuracy, relevance, time-
liness and completeness as is reasonably necessary to assure
fairness to individual involved in agency determination; section
does not require agency to insure that records are accurate
before sending them on to other agencies; when one federal agency
sends records to another agency to be used by latter in making
decisions about someone, responsibility for insuring that inform-
ation is accurate, relevent, timely and complete lies with rec-
eiving agency which is making determination about person in
question. Perry v. FBI, 759 F2d 1271, 479 US 814, 93 L Ed 2d
25, 107 S Ct 67.

Individual seeking amendment of records on grounds that they
are not accurate, relevent, timely, or complete, must request
amendment by agency, and exhaustion of administrative remedies
is prerequisite to bringing to compel amendment. Nagel v. U.S.
Dept. of Health, 233 App DC 332, 725 F2d 1438, 82 ALR Fed 689
(1984).

Cause of action under Privacy Act requires not merely intentional
or willful failure to maintain accurate record but also actual
damages sustained as result of such failure; violation must
cause damage complained of. Molerio v. FBI 749 F2d 815, (1984).

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Mr Lennon (Case Manager | DATE: 10-27-06 |
|---|---|
| FROM: Eric K. Conklin | REGISTER NO.: 19393-058 |
| WORK ASSIGNMENT: HVAC | UNIT: RBU/320 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

This is a request to review the portion
of my C-file that is available to me.

Thank you,

_(signature)_

(Do not write below this line)

DISPOSITION:

Not answered — spoke to on
compound on 10-31-06 — told to submit
another cop-out.

| Signature Staff Member | Date | |
|---|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                This form replaces BP-148.070 dated Oct 86
**(page I-71)** and BP-S148.070 APR 94

Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr Lennon (Case Manager | DATE: 10-31-06 |
|---|---|
| FROM: Eric Coulclin | REGISTER NO.: A393-058 |
| WORK ASSIGNMENT: HVAC | UNIT: RBU/320 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I am requesting to review my Central File.
Please put me on the call-out, per our
conversation of today.

                    Thank You

(Do not write below this line)

DISPOSITION:

original placed under CM's office door. Ignored,
no response.

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                    This form replaces BP-148.070 dated Oct 86
**(page I-8)**    and BP-S148.070 APR 94

Printed on Recycled Paper

*07-155
RBW*

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

Eric K. Conklin

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  96887
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se  VA

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

### DEFENDANTS

BOP

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE _____ OF THE

CASE NUMBER   1:07CV00155

JUDGE: Reggie B. Walton

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 01/22/2007

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

⦿ U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

### III CITIZENSHIP ... FOR PLAINTIFF ...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A.  Antitrust**

☐ 410 Antitrust

☐ **B.  Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.  Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D.  Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

☐ **E.  General Civil (Other)  OR  ☐ F.  Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
⦿ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ G. *Habeas Corpus/* 2255 | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*5 USC 552-PA-*

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ◉ NO    If yes, please complete related case form.

**DATE** *1.22.07*    **SIGNATURE OF ATTORNEY OF RECORD** *NCD*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.