**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ERIC K. CONKLIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07cv155 (RBW)** |
| ) | |
| **U.S. BUREAU OF PRISONS,** ) | |
| ) | |
| **Defendant.** ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff filed this action claiming the Bureau of Prisons ("BOP") failed to maintain an

accurate system of records under the Privacy Act, 5 U.S.C.§ 552a(e)(5).  The Defendant moved

to dismiss the action based on various grounds that included, among other arguments, the fact

that (1) Plaintiff failed to timely file the civil remedies portion of the action within the Privacy

Act's applicable two year statute of limitations; (2) the Bureau of Prisons has established

regulations that exempt the Inmate Central Records System from the amendment provisions of

the Privacy Act; and (3) Plaintiff's request for amendment of the record is moot.  See Doc. No.

12.

In Plaintiff's Memorandum in Support of Plaintiff's Response to Defendant's Motion to

Dismiss ("Plaintiff's Opposition"), Plaintiff argues that the statute of limitations did not begin to

run until he exhausted his administrative remedies, that the request for amendment was not moot,

and that the complaint did not fail to state a claim upon which relief may be granted.  As an

alternative to dismissal, Plaintiff requests that the Court allow Plaintiff time to conduct discovery

so that he may craft his own dispositive motion.[1]

Plaintiff's Opposition is without legal basis. First, the statute of limitations for Plaintiff's inaccuracy of records claim begins to run, not when he exhausted his administrative remedies, but rather when he knew or should have known that the information in his file was incorrect. Second, Plaintiff's inaccuracy of records claim has been rendered moot by the change in his prisoner classification. And third, Plaintiff's claim that BOP records are not the type of records that an agency may exempt from the Privacy Act finds no support in the very language of the Act itself.

Plaintiff's alternative argument for discovery should also be rejected because Defendant's Motion to Dismiss raises defenses which do not require discovery before a decision by this Court, nor is discovery necessary when all of the evidence needed by Plaintiff to oppose Defendant's motion is within Plaintiff's possession; and Plaintiff has failed to carry his burden of demonstrating what specific information he needs in order to adequately oppose Defendant's dispositive motion, nor has he shown how that information is exclusively within Defendant's possession. Thus, the Defendant respectfully requests that the Court dismiss this action based upon the grounds set forth in its dispositive motion.

---

[1]    In his Declaration, Plaintiff quibbles with facts noted in the Declaration of Darrell Lennon, attached to Defendant's Motion to Dismiss as Gov. Exh.1. However, Plaintiff's objections to the facts within Mr. Lennon's declaration do not rise to the level of disputes of material facts, and are not sufficient to contradict the factual or legal arguments made by Defendant in the Motion to Dismiss. *See, e.g.*, *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986) (materiality requires that the factual dispute must be capable of affecting the substantive outcome of the case and be supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party).

I.    **PLAINTIFF'S INACCURATE INFORMATION CLAIM.**

     A.    **Plaintiff's Claim Alleging Inaccurate Information Was Filed Outside the Two Year Statute of Limitations.**

Plaintiff argues his cause of action is not filed outside the statute of limitations as he did not fully exhaust his administrative remedies until October 2, 2006.  *See* Plaintiff's Response to the Defendant's Motion to Dismiss.  Plaintiff, however, confuses the two Privacy Act claims raised, and the application of the statute of limitations for each of those claims.  As is fully demonstrated below, although he may have timely raised a claim challenging the BOP's refusal to amend his records, he is untimely with respect to his claim that the BOP relied upon inaccurate information in determining his classification within the prison system.  Accordingly, the claim alleging the inaccurate information should be dismissed as untimely.

In the complaint, Plaintiff raised in effect two separate causes of action under the Privacy Act; specifically, Plaintiff raised both an inaccurate information claim and an amendment claim. For purposes of Plaintiff's claim that the BOP relied upon inaccurate information in his PSI to determine his custody classification score, Plaintiff's cause of action arose when he knew or had reason to know of the alleged violation.  *See Wills v. Office of Personnel Management*, No. 932079, 1994 WL 22349, *1 (4th Cir. Jan. 28, 1994) ("a cause of action commences when the person knows or has reason to know of the alleged violation.") (quoting *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990)).  As pointed out in Defendant's dispositive motion, for these types of Privacy Act claims, a new cause of action does not arise "'upon each and every subsequent adverse determination based on erroneous records,' otherwise, 'the two-year statute would never run.'"  *Harrell*, 285 F.3d at 1293 (quoting *Gowan v. United States Dep't of the Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998)).

Here, the alleged inaccurate information appears in Plaintiff's PSI, which was adopted as factual by the sentencing court in May 2004. *See* Gov. Exh. 1 (Lennon Decl.) at ¶ 5. In June 2004, the information in Plaintiff's PSI was used to determine his custody classification score at USP Leavenworth. *See id*. at ¶ 8. Plaintiff admits in his Response to the Defendant's Motion to Dismiss that "[a]lmost immediately upon arrival at USP Leavenworth, Plaintiff began questioning his being classified to a high security level institution." *See* Plaintiff's Opposition at 3. Clearly, Plaintiff knew or had reason to know of the inaccurate information in May 2004 during the sentencing phase of his criminal trial, and Plaintiff knew or had reason to know the inaccurate information was used in determining his custody classification score at the latest in June 2004 when he arrived at USP Leavenworth. Accordingly, the statute of limitations ran as of May 2006, at the earliest, or June 2006, at the latest, and his claim regarding the BOP's reliance upon inaccurate information, which was filed in January 2007 is untimely and should be dismissed.

**B.    Plaintiff's Inaccurate Information Claim Is Moot.**

Even if his inaccurate information claim was timely, Plaintiff has failed to demonstrate that it is not otherwise moot. As explained in the Defendant's dispositive motion, Plaintiff's custody classification score was changed due to the fact that the information in the PSI was based on statements of co-defendants and witnesses and not law enforcement officials. *See* Gov. Exh. 1 at ¶¶ 12-13. Whether the information in Plaintiff's PSI is accurate or inaccurate does not affect Plaintiff's custody classification, as the information Plaintiff alleges is inaccurate is no longer taken into consideration in determining his custody classification score. *Id*. As there is no case or controversy, Plaintiff's claim is moot. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) (a

4

case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome).  Plaintiff even admits that he is classified for placement at a low security facility. Declaration of Eric Conklin (attached to Plaintiff's Opposition) at ¶ 4.  Thus, there is no remedy that this Court may fashion to correct for the BOP's reliance upon any allegedly inaccurate information.

Plaintiff counters that his complaint is not so much that his custody classification was based upon inaccurate information, but rather "the only appropriate action the BOP can take is to amend Plaintiff's Central File in a permanent manner."  However, as is demonstrated below, Plaintiff is not entitled to an amendment of his file, nor can he maintain an action seeking an amendment under the Privacy Act.  Accordingly, the sole remedy that could possibly remain for this Court to provide is to direct the BOP to untie Plaintiff's classification from the allegedly inaccurate information, which has already been performed by the BOP, and the claim is therefore moot.

## II.  PLAINTIFF'S AMENDMENT CLAIM SHOULD BE DISMISSED BECAUSE RELIEF IS UNAVAILABLE

With respect to Plaintiff's request for amendment of the record, the statute of limitations period began to run when the Bureau of Prisons first denied Plaintiff's request to amend the record, and thus it was filed within the statute of limitations period.  However, as outlined in the Defendant's dispositive motion, the Bureau of Prisons has exempted the Bureau of Prisons' Inmate Central Record System from the amendment provisions of the Privacy Act.  *See also* 28 C.F.R. § 16.97(a)(4).   Insofar as Plaintiff seeks the amendment or expungement of his PSI or custody classification records maintained in his Central File under 5 U.S.C. § 552(d), such relief

is unavailable under 5 U.S.C. § 552a(g).

In his Opposition, Plaintiff concedes that the information has been made exempt from the amendment provisions of the Privacy Act, but argues that the BOP should not be allowed to exempt these records from the Privacy Act, because "[s]ubsequent to conviction, any records created that are identifiable to an individual are not part of the 'enforcement of criminal laws.'" Plaintiff's Opposition at 9.  However, Plaintiff's argument is directly undermined by the very language of the Privacy Act which (1) uses the term "enforcement of criminal laws" to identify the agency who has the authority to exempt records and not the records themselves, and expressly includes "correctional" entities as that type of agency; and (2) defines the records subject to exemption to include "reports identifiable to an individual compiled at **any stage** of the process of enforcement of the criminal laws from arrest or indictment **through release from supervision**."  5 U.S.C. § 552a(j)(2)(C) (emphasis added).  Thus, Congress has already determined that records created subsequent to conviction by a correctional institution such as the Bureau of Prisons are part of the "system of records" subject to exemption from the Privacy Act, and Plaintiff's Complaint fails to state a claim under the amendment or expungement provision of the Privacy Act.

## III.    PLAINTIFF CONCEDED DEFENDANT'S ARGUMENT REGARDING THE UNAVAILABILITY OF MONETARY DAMAGES

In its Motion to Dismiss, Defendant demonstrated that Plaintiff cannot meet the criteria necessary for recovery of monetary damages.  Specifically, Defendant demonstrated that Plaintiff cannot show the agency failed to maintain an accurate record, that the BOP willfully and intentionally violated the Privacy Act, or that his rights were negatively impacted by any alleged

violation.  In response, Plaintiff does not dispute Defendant's argument, but rather admits that he

is not seeking monetary damages.  Plaintiff's Opposition at 10.  Accordingly, the Court must

treat Defendant's dispositive motion regarding the recovery of monetary damages as conceded.

*See Murray v. District of Columbia*, 52 F.3d 353, 355-356 (D.C. Cir. 1995) (failure to oppose an

argument raised in a dispositive motion concedes the issue).  *See also United States v. Real*

*Property Identified As: Parcel 03179-005R*, 287 F.Supp.2d 45, 61 (D.D.C. 2003) ("If the

opposing party files a responsive memorandum, but fails to address certain arguments made by

the moving party, the court may treat those arguments as conceded") (quoting *Hopkins v.*

*Women's Div. General Board of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002));

*Pate v. United States*, 277 F.Supp.2d 1, 11 (D.D.C. 2003) (plaintiff's opposition that merely

articulates the standard for applying the protections of immunity to a government employee's

actions, and then generally asserts that the employee should not be entitled to protection without

refuting the factual claim of the movant concedes the issue).

IV.  **PLAINTIFF HAS FAILED TO DEMONSTRATE THAT DISCOVERY SHOULD BE ALLOWED**

    A.  **Federal Civil Rules Do Not Allow Plaintiff to Engage In Discovery Where The Record Is Adequate for Plaintiff to Oppose Defendant's Motion.**

"A trial court has broad discretion and the inherent power to stay discovery until

preliminary questions that may dispose of the case are determined."  *Petrus v. Bowen*, 833 F.2d

581, 583 (5th Cir.1987) (citations omitted).  *See Erdmann v. Preferred Research, Inc. Of*

*Georgia*, 852 F.2d 788, 792 (4th Cir. 1988) ("The scope and conduct of discovery, however, are

within the sound discretion of the district court").  Where "the record is adequate to determine

whether the standards for the grant of summary judgment are met" the Court may deny

discovery. *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir.1990). Often, upon the filing of a Rule 12(b)(6) motion, courts will permit a postponement of discovery while the motion is pending. *See Tucker v. Union of Needletrades, Industrial & Textile Employees*, 407 F.3d 784, 787-88 (6th Cir. 2005) (noting that the "very purpose" of Rule 12(b)(6) is to permit challenge to legal sufficiency of complaints without subjecting party to discovery); *Rutman Wine Co. V. I. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (it is "sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery"). Thus, when, as in the present case, the facts are set and well-within Plaintiff's possession or reach, and the record is adequate, the Court may exercise its discretion and deny discovery until the resolution of the legal questions that may dispose of the case.

The D.C. Circuit Court very recently upheld a refusal to allow discovery under Fed. R. Civ. P. 56(f) when the issue before the District Court was whether a plaintiff failed to exhaust the requisite administrative remedies. *Colbert v. Potter*, 471 F.2d 158, 168 (D.C. Cir. 2006). Finding that the record regarding exhaustion of administrative remedies is pretty well defined at the time the matter is filed in District Court, the Circuit Court held that, absent an allegation of fraud in the proffered administrative documents, the nonmoving party "can produce no evidence to controvert" the administrative record below. *Id*. at 168. *See also Munsell*, 435 F.Supp.2d at 154 ("Plaintiffs have not declared themselves to be in a position from which evidence of exhaustion is unavailable; they are in the best position to provide it, and have not done so. As such, plaintiffs cannot obtain discovery under Federal Rule of Civil Procedure 56(f)").

Likewise, the issue regarding the statute of limitations, as well as the exemption of

records pursuant to the Privacy Act are pretty well defined at the time the matter is filed in the District Court. Notably, Plaintiff makes no allegation that the administrative record below is incomplete, or that the Defendant is holding or hiding any evidence. Indeed, Plaintiff has submitted his own declaration, as well as past correspondence with the Defendant upon which Plaintiff relies as the basis of his claim. Accordingly, Plaintiff has sufficient information within his possession to oppose Defendant's Motion to Dismiss, and the Court should deny his request for discovery.

**B.    Federal Civil Rule 56(f) Does Not Allow a Plaintiff to Conduct or Continue "General" Discovery in the Face of a Dispositive Motion.**

Federal Civil Rule 56(f) does not allow a plaintiff to conduct or continue "general" discovery in the face of a dispositive motion, but rather requires that Plaintiff specifically set forth what information is necessary to rebut the dispositive motion, and must demonstrate that the evidence is not within the Plaintiff's possession. *First National Bank of Arizona v. Cities Services Co.*, 391 U.S. 253, 298 (1968). In *Cities Services*, the lower court entered summary judgment before the petitioner was able to obtain general discovery from the respondent. 391 U.S. at 290. Petitioner argued that he should have been allowed to depose persons in the respondent company, and that he should have been allowed documentary discovery as well. *Id.* at 297. The Supreme Court rejected the petitioner's arguments, finding that "because the discovery obtainable under Rule 56(f) to oppose a motion for summary judgment would normally be less extensive in scope than the general discovery obtainable under Rule 26," a request for "general" discovery was insufficient to invoke the protection of Rule 56(f). Moreover, where a party has some information in his possession at the time of the filing of the dispositive motion,

the nonmoving party "must show a significant likelihood [beyond mere speculation] that discovery would produce evidence different from that obtained thus far." *Id*. at 294.  Thus, it is not error for the lower court to deny "general" discovery and grant summary judgment. *Id*.

Plaintiff's broad claims that general discovery commence because he anticipates filing a dispositive motion does not satisfy that burden.  In light of the fact that all the evidence Plaintiff needs is within his own possession and knowledge, it is not surprising that Plaintiff failed to articulate what evidence he needed in order to adequately oppose Defendant's dispositive motion, or how he any such information was exclusively within Defendant's possession. Accordingly, Plaintiff's argument that the Court should deny Defendant's Motion to Dismiss in order to allow him to engage in discovery is without factual or legal basis.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

## <u>CERTIFICATE OF SERVICE</u>

I certify I caused copies of the foregoing Reply to Plaintiff's Opposition to Defendant's

Motion to Dismiss to be served by first class mail upon *pro se* plaintiff at:

Eric K. Conklin
No. 19393-058
FCI - Beckley
P.O. Box 350
Beaver, WV 25813

on this 9th day of May, 2007.

   /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney