IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 11 2007
NANCY MAY...
U.S. ...

ERIC K. CONKLIN, Pro Se,           )
         Plaintiff,                )
                                   )
                                   )
v.                                 )   Case No. 07-cv-155(RBW)
                                   )
                                   )
                                   )
U.S. BUREAU OF PRISONS,            )
         Defendant.                )

### SUPPLEMENTAL PLEADING

COMES NOW, Plaintiff, pro se and a federal prisoner with this supplemental pleading to notice the Court concerning events that have direct impact on the Court's deliberations in the instant matter.

1. On Monday, June 4, 2007, Case Manager Darrell Lennon—the author of the "Declaration of Darrell Lennon" dated March 22, 2007, which has been submitted to the Court as an exhibit to Defendant's Memorandum of Points and Authorities in Support of the Defendant's Motion to Dismiss—informed Plaintiff that it was highly likely the BOP would be reapplying the public safety factor and related designations to Plaintiff's custody/security classification calculations. Doing so will prevent Plaintiff's pending transfer to an appropriate lower

security level facility.

2. In Defendant's Memorandum, <u>id.</u>, page seven, item B., Defendant argues that Plaintiff's claim is moot due to the fact "Plaintiff's custody classification score was changed [] due to the fact that information in the PSI was based on statements of co-defendants and witnesses and not law enforcement officials." See, **Memorandum**, page 7, ¶2.

Plaintiff argued in his **Response to the Defendant's Motion to Dismiss** that, "[w]hile the Plaintiff's custody calculation was changed [], his Central File was not [and that] [u]ntil and unless the Plaintiff's Central File is corrected, it remains possible, even likely, that [] upon [future] review of Plaintiff's Central File [] [the] June 2006 classification score [will be determined] to be incorrect", (see, <u>id.</u>, pages 6-7), and that such will result in reapplication of the incorrect information still on file.

In Defendant's reply to Plaintiff's response, Defendant reasserts the moot argument in "Plaintiff's Inaccurate Information Claim is Moot", page 4, item B. Defendant again proposes that the change in the custody calculation makes Plaintiff's claim moot and that "Plaintiff has failed to demonstrate that it is not otherwise moot."

The government's latest actions vis-a-vis Plaintiff,

demonstrates the wisdom of the Privacy Act and the utter weakness of the Defendant's moot argument. The Privacy act demands the correction of Plaintiff's Central File, not the recalculation of a custody designation.

The government's actions have proven Plaintiff's assertions. Unless and until the Defendant corrects Plaintiff's Central File, the Defendant can, and has shown a blatant willingness to utilize such incorrect information to Plaintiff's detriment.

Plaintiff prays this Court to deny Defendant's Motion to Dismiss, to grant Plaintiff's Motion for Discovery and to allow Plaintiff to prosecute this claim before the Court at an evidentiary hearing.

Respectfully submitted this 6th day of June, 2007.

ERIC K. CONKLIN, Pro Se
Reg. # 19393-058
FCI-Beckley
P.O. Box 350
Beaver, WV 25813

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I, Eric K. Conklin, have caused to be mailed a true and correct copy of this Supplemental Pleading by placing same in the inmate mail system, prepaid first class U.S. mail to the following:

    AUSA Darrell C. Valdez
    U.S. Attorney's Office
    555 Fourth Street, N.W.
    Washington, DC 20001

on this the 6th day of June, 2007.

_____
ERIC K. CONKLIN , Pro Se
Reg. # 19393-058
FCI-Beckley
P.O. Box 350
Beaver, WV 25813