UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC K. CONKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-155 (RBW) |
| | ) |
| U.S. BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SUPPLEMENT TO DEFENDANT'S MOTION TO DISMISS**

The Defendant, United States Bureau of Prisons, respectfully files this Supplement to Defendant's Motion to Dismiss to address matters regarding Plaintiff's classification and to inform the Court that the matter is no longer moot for the purposes of Defendant's Motion.

1. Plaintiff, a *pro se* prisoner, filed the present complaint against the Bureau of Prisons under the Privacy Act, 5 U.S.C. § 552a *et seq.*, alleging that the Defendant has failed to maintain accurate records in its files regarding Plaintiff's criminal conviction. Complaint at 4.

2. On April 2, 2007, Defendant filed a Motion to Dismiss, asserting that the Court lacks subject matter jurisdiction to hear Plaintiff's complaint; Plaintiff's complaint fails to state a claim on which relief can be granted; and the complaint fails to state a claim for relief pursuant to the Privacy Act. Dkt. No. 12. Specifically, Defendant argued that (1) Plaintiff failed to timely file the civil remedies portion of the action within the Privacy Act's applicable two year statute of limitations; (2) Plaintiff's request for amendment of the record was moot; (3) the Bureau of Prisons has established regulations that exempt the Inmate Central Records System from the amendment provisions of the Privacy Act; (4) The Bureau of Prisons took appropriate action

when informed of the alleged inaccurate information; and (5) Plaintiff is not entitled to money damages under the Privacy Act.  <u>See</u> Dkt. No. 12.  Plaintiff filed an Opposition on April 18, 2007, Dkt. No. 14, and Defendant filed a Reply on May 9, 2007.  Dkt. No. 16.

     3.     Within the Defendant's mootness argument, Defendant asserted that, based on Plaintiff's complaint about the information in his PSI, Plaintiff's Case Manager re-scored Plaintiff's custody classification in June 2006, without taking into account the alleged inaccurate information.  <u>See</u> Defendant's Memorandum in Support of Motion to Dismiss at 10; Exhibit 1.  As a result of the recalculation, Plaintiff's custody classification score decreased, and Plaintiff was eligible for a security level reclassification from Medium to Low.  <u>See id</u>.

     4.     Defendant has been informed by Plaintiff's Case Manager, James Hamrick, that the Mid-Atlantic Regional Office of the Bureau of Prisons has reviewed the recalculation of Plaintiff's security level, and has determined that the facts contained within his Pre-Sentence Report must be taken into consideration when calculating Plaintiff's score.  <u>See</u> Declaration of James Hamrick, attached hereto, at ¶ 6.  Because the information regarding the use of a weapon was contained within the Pre-Sentence Report, was not objected to by Plaintiff at the time of sentencing, and was adopted as factual by the sentencing court, Plaintiff's custody classification will be re-scored to include the weapon information.  <u>Id</u>. at ¶¶ 6-7.  Accordingly, Plaintiff's complaint is no longer moot.

     Wherefore, for all of the foregoing reasons, Defendant respectfully withdraws its argument that Defendant's complaint is moot.  The Court should still, however, dismiss the matter on the remaining grounds asserted by Defendant in its Motion to Dismiss.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Supplement to Defendant's Motion to Dismiss and attached Declaration to be served by first class mail upon *pro se* plaintiff at:

Eric K. Conklin
No. 19393-058
FCI - Beckley
P.O. Box 350
Beaver, WV 25813

on this 18th day of June, 2007.

                                                  /s/ Darrell C. Valdez
                                                DARRELL C. VALDEZ
                                                Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA


ERIC K. CONKLIN,
      Plaintiff,

v.                                             Civil Action No. 1:07-cv-00155-RBW

UNITED STATES BUREAU OF
PRISONS,
      Defendant.


## DECLARATION OF JAMES MICHAEL HAMRICK


In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, do hereby make the following declaration:

1. I am the Case Management Coordinator (CMC) at the Federal Correctional Institution (FCI) Beckley, West Virginia.

2. As the CMC I am involved in the review of custody classification decisions at FCI Beckley that are unusual or out of the ordinary.

3. I am familiar with Eric Conklin, Federal Register Number 19393-058, an inmate currently confined at FCI Beckley.

4. In June 2006, the decision was made locally to re-score inmate Conklin's custody classification without taking into account information in inmate Conklin's PSI he alleged was inaccurate.

5. In June 2007, inmate Conklin was being considered for placement at the Federal Prison Camp at Beckley. To ensure his custody classification score was accurate the Mid-Atlantic Regional Office was contacted.

6. The Mid-Atlantic Regional Office informed me that the alleged inaccurate information should be considered in scoring inmate Conklin's custody classification because the statements in his PSI that he threatened individuals with weapons were made by numerous people, the statements were not objected to at sentencing, the PSI was adopted as factual by the sentencing court, and the Probation Office indicated it would not change the information in the PSI.

7.  It is expected that inmate Conlin's custody classification will be re-scored in the near future, taking into consideration the information in the PSI inmate Conklin believes to be inaccurate.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 13 day of June 2007.

James Michael Hamrick
Case Management Coordinator
FCI Beckley
Federal Bureau of Prisons