IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIC K. CONKLIN, Pro Se,<br>Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>)<br>)<br>)<br>) | Case No. 07-cv-155(RBW) |
| U.S. BUREAU OF PRISONS,<br>Defendant. | )<br>) | |

### SECOND SUPPLEMENTAL PLEADING

COMES NOW, Plaintiff, pro se and a federal prisoner, to bring the followings to the Court's attention and for consideration in the Court's deliberations in the instant matter. Attached the Court will find Plaintiff's Declaration concerning the matters raised herein.

1. Petitioner argued that unless Plaintiff's Central File is corrected, the fact his Case Manager changed Plaintiff's Custody Classification Score/Calculation Sheet does not constitute an acceptable resolution of the matter. In that regard, Plaintiff argued that such change in custody calculation not only fails to satisfy the requirements of the Privacy Act, it does not prevent future misapplication of the incorrect information, by future BOP staff utiliz

RECEIVED
JUN 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the Central File, in making determinations regarding the conditions of Plaintiff's incarceration.

2. Today, June 11, 2007, Plaintiff was informed by the senior member of his Unit Team, the Unit Manager, that he had been denied transfer to the FCI-Beckley Satellite Camp (which houses minimum security inmates) because senior camp administrators had determined, **based on review of Plaintiff's Central File,** that a "Greatest Severity Public Safety Factor" was applicable to Plaintiff's custody status. Such determination was made using incorrect information contained in his Central File, as set out in Plaintiff's original motion.

The FCI-Beckley administration's actions have proven Plaintiff's case. On April 18, 2006, the BOP agreed to remove the "Greatest Severity Public Safety Factor" and to score his "current offense level" to "moderate" in his custody calculations. As detailed in the responses to Plaintiff's administrative remedy requests, the Regional Director and the General Counsel agreed with this action. See, **Exhibits I and II** hereto. Because FCI-Beckley staff refused to make permanent changes to Plaintiff's Central File, the incorrect information has now been utilized to void the previous correct actions the United States certified to this Court as having been taken.

Plaintiff prays this Court to rule on the instant case in Plaintiff's favor, to order the BOP to amend Plaintiff's

Central File permanently and to award Plaintiff damages allowed by the Privacy Act in order to reimburse Plaintiff for the court costs and out of pocket expenses (paper, typing ribbon, copy costs, postage, envelopes, etc.) involved.

Respectfully submitted on this the 11th day of June, 2007.

ERIC K. CONKLIN, Pro Se
Reg. # 19393-058
FCI-Beckley
P.O. Box 350
Beaver, WV 25813

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I, Eric K. Conklin, have caused copies of the foregoing Second Supplemental Pleading and Declaration to be mailed, first class U.S. mail to the following:

AUSA Darrell C. Valdez
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20001

on this the 11th day of June, 2007.

ERIC K. CONKLIN, Pro Se

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC K. Conklin, Pro Se,    )
     Plaintiff,            )
                            )
                            )
v.                          )   Case No. 07-cv-155(RBW)
                            )
                            )
                            )
U.S. BUREAU OF PRISONS,     )
     Defendant.            )

### SUPPLEMENTAL DECLARATION OF ERIC K. CONKLIN

I, the undersigned, pursuant to 18 U.S.C. §1746, declare the following to be true and correct to the best of my knowledge:

1. I am Eric Kave Conklin, inmate number 19393-058 housed at FCI-Beckley in Beaver, West Virginia.

2. That I make this Declaration in the matter of **Conklin v. U.S. Bureau of Prisons**, Case Number 07-cv-155(RBW).

3. My U.S. Bureau of Prison's Central File contains incorrect information. This fact has been acknowledged by both the BOP's Mid-Atlantic Regional Director and the General Counsel's Office at the BOP's Central Office in their respective responses to my requests for administrative remedy. See, **Exhibits I and II to the Second Supplemental Pleading**.

4. Previously, the BOP agreed to amend my custody calculation, eliminating the incorrect information from consideration. Such was done on July 20, 2006.

5. The amended custody calculation qualified me for transfer to a minimum security facility, a facility offering significantly less onerous confinement conditions.

6. My file was finally submitted for such transfer in May, 2007.

7. On June 11, 2007, I was informed by Barbara Fox, Poplar Unit Manager and the senior staff member of my BOP Unit Team that I was not going to be transferred to the Beckley

Satellite Camp because upon review of my Central File, Beckley Camp Management determined that my current offense was of the "Greatest Severity" level, disqualifying me for camp status. Such determination was made utilizing the incorrect inforamtion contained in my Central File.

8. I am currently held in a medium security institution, two security levels above the security level determined previously by the BOP without consideration of the incorrect information.

9. The conditions of confinement in a medium security facility are significantly more restrictive and onerous than those at a BOP camp facility.

　　　I declare under penalty of perjury that the foregoing Declaration is true and correct to the best of my knowledge.

Executed on this the 11th day of June, 2007.

ERIC K. CONKLIN Pro Se
Reg. # 19393-058
FCI-Beckley
P.O. Box 350
Beaver, WV 25813

# Regional Administrative Remedy Appeal
# Part B - Response

**Date Filed: June 22, 2006**                    **Remedy No.: 414529-R1**

You appeal the Warden's response to your Request for Administrative Remedy. You allege information in your Pre-Sentence Investigation Report (PSI) is inaccurate and request your PSI be corrected.

The Bureau of Prisons does not have the authority to modify your PSI. Per Program Statement 5800.11, <u>Inmate Central File, Privacy Folder, and Mini-Files</u>, if an inmate challenges information in the PSI, staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided. On February 27, 2006, the USPO wrote to you and advised you that the court had adopted the PSI as fact, so it would not be changed. We find no reason to depart from the decision made by the institution.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

JUL 1 8 2006                          _For W.H.Phillips_
_____                 _____
Date                                  K. M. White
                                      Regional Director
                                      Mid-Atlantic Regional Office



EXHIBIT II

**Administrative Remedy No. 414529-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend your Presentence Investigation Report (PSI) contains inaccurate information. You request to have your PSI corrected "to reflect the truth without contradictory hearsay statements."

Our review indicates the Warden and Regional Director adequately responded to the issue raised in your appeal. Program Statement (P.S.) 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>, states an inmate may challenge the accuracy of information in his central file and is required to provide staff with sufficient information in support of a challenge (i.e., names of persons to contact, government agency, etc.). P.S. 5800.11 also states that if an inmate challenges information in the PSI, staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided.

Our investigation revealed that, in response to your challenge to information in your PSI, you have already been informed in writing by the U.S. Probation Office that the information in your PSI was adopted as fact by the Sentencing Court and no changes will be made. The Bureau of Prisons does not have the authority to make changes to the PSI. Therefore, we concur with the responses provided and find them appropriate.

Your appeal is denied.

10/2/2006
Date

Harrell Watts, Administrator
National Inmate Appeals