UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC K. CONKLIN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-155 (RBW) |
| U.S. BUREAU OF PRISONS, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO FILE SUR-REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION MOTION FOR ENLARGEMENT OF TIME TO FILE MOTION FOR RECONSIDERATION**

Pursuant to Fed. R. Civ. P. 6(b), Defendant the United States Bureau of Prisons hereby moves the Court for leave to file the attached sur-reply in response to Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Enlargement of Time to File Motion for Reconsideration. Dkt. No. 27. In support of this Motion, Defendant states as follows:

1. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." <u>Lewis v. Rumsfeld</u>, 154 F.Supp.2d 56, 61 (D.D.C.2001); <u>cf</u>. <u>Alexander v. Federal Bureau of Investigation</u>, 186 F.R.D. 71, 74 (D.D.C.1998).

2. Here, Plaintiff initially filed his Motion for Enlargement of Time, which acknowledged that his Motion for Reconsideration was out of time, and requested that the Court enlarge the time period for filing his Motion for Reconsideration under Fed. R. Civ. P. 59(e). In response, Defendant filed an Opposition demonstrating that District Courts do not have the

discretion given by Fed.R.Civ.P. 6(b) to enlarge the Rule 59(e) 10-day time period.  Plaintiff has now filed a Response to Defendant's Opposition to Plaintiff's Motion for Enlargement of Time to File Motion for Reconsideration which argues, for the first time, that his Motion for Reconsideration was actually filed on time.  In support of his argument, Plaintiff makes factual assertions to this Court that are false, and further makes legal arguments that are without any basis in the Federal Rules or the case law.

3. Defendant's Sur-Reply is narrowly targeted to only those portions of Plaintiff's Response that raise new arguments, and that misstate the facts.  While Defendant recognizes that in the normal course there should not be a need to file a sur-reply and that the granting of leave to file a sur-reply is within the Court's discretion, the Court should use its discretion to allow the filing of the attached sur-reply.  Defendant is compelled to respond to Plaintiff's newly raised claims and Plaintiff's mischaracterization of the facts before this Court.

4. Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.

## CONCLUSION

Defendant respectfully requests leave to file the attached sur-reply.  A proposed order consistent with this Motion is attached.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

     I certify I caused copies of the foregoing Defendant's Motion to File a Sup-Reply and Defendant's Sur-Reply to Plaintiff's Motion to Enlarge Time to File Motion for Reconsideration to be served by first class mail upon *pro se* plaintiff at:

Eric K. Conklin
No. 19393-058
FCI - Beckley
P.O. Box 350
Beaver, WV 25813

on this 26th day of November, 2007.

_____
DARRELL C. VALDEZ
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC K. CONKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-155 (RBW) |
| | ) |
| U.S. BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

UPON CONSIDERATION of the Defendant's Motion to File a Sur-Reply to Plaintiff's Motion for Enlargement of Time in Which to File Plaintiff's Motion Requesting Reconsideration Pursuant to F.R.CR.P. Rule 59(e), the Plaintiff's Opposition thereto, and the fact that Plaintiff has made factual and legal assertions in his Response to Defendant's Opposition to Plaintiff's Motion Requesting Reconsideration Pursuant to F.R.CR.P. Rule 59(e), it is by the Court this _____ day of November, 2007, hereby

ORDERED that the Motion to File a Sur-Reply is granted, and it is further

ORDERED that Defendant's Sur-Reply shall be filed.

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERIC K. CONKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-155 (RBW) |
| | ) | |
| U.S. BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S MOTION FOR ENLARGEMENT
OF TIME TO FILE MOTION FOR RECONSIDERATION**

In his Response to Defendant's Opposition to Plaintiff's Motion for Enlargement of Time to File Motion for Reconsideration ("Plaintiff's Response"), Plaintiff makes factual assertions to this Court that are false. Specifically, Plaintiff argues for the first time that he actually filed his Motion for Enlargement of Time and the accompanying Motion for Reconsideration within the 10-day time period prescribed by the Federal Rules of Civil Procedure. Preliminarily, it must be noted that Plaintiff's own actions belie this view, as Plaintiff felt that it was necessary to seek an enlargement of time, which this Court is without authority to grant. See Defendant's Opposition to Plaintiff's Motion for Enlargement of Time. Moreover, Plaintiff acknowledged to the Court in his initial motion that he had until October 8, 2007 to file his Motion. Plaintiff's Motion for Enlargement of Time at ¶ 2 ("By rule, Plaintiff's Request for Reconsideration was due on October 8, 2007"). Finally, Plaintiff asserts that he filed his motions on October 16, 2007, when in fact his motion describes events that occurred in the prison facility on October 17th and 18th,

and thus could not have possibly been filed two days earlier. Id. at ¶2 (b).

To the extent that this Court entertains Plaintiff's argument, Plaintiff's interpretation of the Rules is without legal support. For example, Plaintiff's claim that he is entitled to an additional three (3) days for mailing of the Court's order is not supported by the Rules or the case law. Federal Civil Rule 6(e) provides for an additional three days to be added to the time for computing a period within which a party must act when process is prescribed to be by "service." Fed. R. Civ. P. 6(e). Federal Civil Rule 59(e), however, does not require "service" of the order, but rather specifies that a party must file his Motion for Reconsideration within 10 days "after entry of the judgment." Fed. R. Civ. P. 59(e). Thus, the three-day rule for mailing does not apply to Rule 59(e) motions for reconsideration, and Plaintiff's pleading is untimely. See Derrington-Bey v. District of Columbia Dept. of Corrections, 39 F.3d 1224, 1225-1226 (D.C. Cir. 1994) ("Rule 6(e) does not add 3 days to the 10 days allowed under Rule 59(e)").

Finally, even if the Court were to accept Plaintiff's argument that he is entitled to the three additional days, his motion is still out of time. Service is not considered to have been made when Plaintiff actually receives the document, but rather when it is placed in the mail. Fed. R. Civ. P. 5(b)(2)(B). Here, the time period begins running when the Court mailed the Order to Plaintiff. Accordingly, under Plaintiff's own interpretation, he had 10 business day (plus 3 for mailing) from September 25, 2007 – or until October 12, 2007 to file (October 8, 2007 was a legal holiday). Because Plaintiff alleges that he mailed his Motion on October 16, 2007, he is out of time.

For all of the forgoing reasons, as well as those set forth in Defendant's Opposition to Plaintiff's Motion for Enlargement of Time, Plaintiff's motion is without factual or legal basis, and should be denied.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843