IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

OCT 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ERIC KAVE CONKLIN, Pro Se     )
      Plaintiff,     )
                    )
                    )
v.     )     Case No.: 07-155(RBW)
                    )
                    )
UNITED STATES BUREAU OF PRISONS,     )
      Defendant.     )

---

## REQUEST FOR RECONSIDERATION

COMES NOW, Plaintiff, pro se and a federal prisoner in request that the Court reconsider its September 24, 2007 Order granting Defendant's motion to dismiss. In support of this request, Plaintiff states the following:

1. The parties to this action acknowledge that a significant discrepancy exists between Plaintiff's plea agreement and PSI, and that such discrepancy involves whether or not Plaintiff brandished, or even possessed a firearm during the instant offense;

2. The Defendant has unilaterally chosen, despite Plaintiff's objection and his requests for adiministrative relief, to grant more validity to uncorroborated statements of non-law enforcement individuals contained in his PSI, rather than the stipulations asserted by the United States within

Plaintiff's plea agreement, which expressly contradict the
uncorroborated statements in the PSI;

3. The record before this Court clearly establishes that Defen-
dant's unilateral decision to utilize the PSI information,
while choosing to ignore the stipulations made by the United
States in Plaintiff's plea agreement has adversely affected
the manner in which the Defendant has carried out Plaintiff's
sentence. As the record shows, utilization of the incorrect
information contained in the PSI has resulted in Plaintiff
being assigned to institutions operated by Defendant that
function up to two security levels above the type of insti-
tution Plaintiff would be confined in had Defendant abided
by the contractual stipulations made by the United States
in the plea agreement;

4. As documented in the Court's **Memorandum Opinion** of September
24, 2007, 5 U.S.C.S. § 552a allows the Defendant to "promul-
gate regulations to exempt any of the agency's records from
certain parts of the Privacy Act" under certain situations,
id., at 6, and that the BOP's Inmate Central Record System
(Justice/BOP-005) from [] the Privacy Act []." Id., at 7.

Section 552a(j) of the Act requires that in order to properly
exempt a system of records from the Privacy Act, an agency
must not only promulgate rules exempting certain records,
the agency must also state the reasons in the rule itself.
See Ryan v. Dept. of Justice, 595 F.2d 954 (4th Cir. 1979).

In compliance with the requirement to explain the reasons for exempting its Inmate Central Record System, Defendant states:

(a.) "From subsection (d) because exemption from this section is essential to protect internal processes by which Bureau personnel are able to formulate decisions and policies with regard to federal prisoners, to prevent disclosure of information to federal inmates that would jeopardize legitimate correctional interests of security, custody, or rehabilitation, and to permit receipt of relevant information from other federal agencies, state and local law enforcement agencies, and federal and state probation and judicial offices." 28 C.F.R., Ch. 1, § 16.97(b)(3)(7/1/2006 edition); and,

(b.) "From subsection (e)(5) because in the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete. Data which may seem unrelated, irrelevant or incomplete when collected may take on added meaning or significance during the course of an investigation or with the passage of time, and could be relevant to future law enforcement decisions. In addition, because many of these records come from the courts and other state and local criminal justice agencies, it is administratively impossible for them and the Bureau to insure compliance with the provision. The restrictions of subsection (e)(5) would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing the safety and security of the prisons and public." 28 C.F.R., Ch.1, § 16.97(k)(2)(7/1/2006 edition).

In promulgating and explaining the reasons for exempting subsection (e)(5) of the Privacy Act, the Defendant also established the following rule:

"(k) These exemptions apply only to the
extent that information in this system is
subject to exemption pursuant to 5 U.S.C.
552a(j). Where compliance would not appear
to interfere with or adversely affect the
law enforcement process, and/or where it
may be appropriate to permit individuals
to contest the acuracy of the information
collected, _e.g._ public source materials,
or those supplied by third parties, the
applicable exemption may be waived, either
partially or totally by the Bureau." 28
C.F.R. § 16.97(k)(7/1/2006 edition).

As detailed in paragraph 4(a), hereinabove, the Defendant

has exempted itself from 5 U.S.C. § 552a(d). Section 552a(d)

is titled "Access to Records". This exemption at 28 C.F.R.

§ 16.97(b)(3) applies to eight of Defendant's systems of

records, of which (4) is the Inmate Central Record System

(Justice/BOP-005). Unlike the exemptions for subsection

(e)(5), Defendant promulgated no rules under which to Bureau

can waive such exemption. See **28 C.F.R. § 16.97(a)**.

Despite the fact Defendant has no published rule to waive

the exemption to subsection (d), "Access to Records", Defen-

dant allows federal inmates review access to the majority

of the contents of that inmate's central record. **Program**

**Statement 5800.11.** Given access to his BOP Central File

enabled Plaintiff to identify the errors contained therein

that are at challenge in this matter, namely the discrepancy

between Plaintiff's PSI and his plea agreement.

Clearly, the Defendant has waived its rule exempting access

4

to certain records under the Privacy Act in this (and all
other) situation(s).

As to subsection (e)(5), which requires Defendant to "main-
tain all records which are used by the agency in making
nay determinations about any individual with such accuracy,
relevance, timeliness, and completeness as is reasonably
necessary to assure fairness to the individual in the deter-
mination", Defendant has given us guidance as to when a
waiver of its exemption under the subsection is to be gran-
ted. Such waiver may be either partially or totally granted
under § 16.97(k), _id._, when:

(c)  Where compliance with the Privacy Act would not appear
     to interfere with or adversely affect the law enforcement
     process; and,

(d)  where it may be appropriate to permit individuals to con-
     test the accuracy of the information collected from third
     parties.

Plaintiff contends he should be granted such a waiver for
the following reasons:

(e)  amending Plaintiff's Central record System file would
     not interfere with or adversely affect the law enforcement
     process; and,

(f)  Plaintiff contests the accuracy of the incorrect informa-

tion furnished to Defendant by a third party, the United

States Probation Department.

Amending Plaintiff's central file will not interfere with
or adversely affect the law enforcement process for the
following reasons:

(g)  On January 12, 2004, Plaintiff pled guilty to Counts One
and Two of the Indictment, to wit, violations of 18 U.S.C.
§ 924(c)(1)(A)(i) and 18 U.S.C. § 922(g)(1). Said guilty
plea was set out in writing in a Plea Agreement, a contract
by and between the Plaintiff and the United States of
America. The contract was executed that same day by Plain-
tiff, his attorney and Dennis H. Lee, Special Assistant
United States Attorney, for and on behalf of the United
States. In addition to stipulating his guilt to the charges
by executing and submitting the contract to the court,
Plaintiff waived certain constitutional rights, which
are detailed in paragraph one of the contract.

In exchange for Plaintiff agreeing to enter the plea agree-
ment, the United States stipulated that Plaintiff did
not brandish a firearm at any time during the commission
of the crimes set forth in the Indictment and incorporated
within the terms and conditions to the plea contract;

(h)  By the signature of the Special Assistant United States
Attorney, the United States of America became bound by

the plea contract. Except for both the imposition of

and carrying out of the sentence, by entering the contract

the United States ended the law enforcement process related

to the criminal acts which Plaintiff pled guilty; and,

(i)    According to the police report (Exhibit A of this motion)

of the incident resulting in the instant Indictment, the

incident occurred on October 18, 2002. As such, the statute

of limitations expires in less than two weeks, eliminating

the possibility of any further law enforcement process

regarding the instant case.

Since, as shown herein, no further "law enforcement process"

is possible in Plaintiff's case, under which he continues

to serve the imposed sentence. As such, correcting Plain-

tiff's Central Record cannot "interfere with or adversely

affect the law enforcement process, satisfying one prong

of the exemption waiver rule for subsection (e)(5) as promul-

gated by Defendant. Since, as shown herein, the disputed

information was furnished to Defendant by a third party,

Plaintiff has met the only other prong of said waiver re-

quirement.

Based on the above, Plaintiff's situation requires that

Defendant grant him a waiver from the agency's exemption

from § 552a(e)(5) of the Privacy Act. To deny such waiver

would constitute an abuse of discretion on the part of De-

fendant. Since the "abuse of discretion" standard of review

is used in administrative settings, courts have jurisdiction
to review and correct actions of governmental agencies where
serious or gross abuse of that discretion exists. Defendant,
on its own accord, promulgated rules for which a waiver
of the exemption under § 552a(e)(5) may be granted. Plain-
tiff's situation meets all of the criteria established by
Defendant. To not grant Plaintiff such waiver is clearly
arbitrary and capricious and an abuse of discretion.

5. As discussed hereinabove, the United States of America en-
tered into a plea agreement with Plaintiff. Jurisprudence has
well established the fact that plea agreements are contracts
and are bound by contract law tenets. As parties to the contract,
both the Plaintiff and the **United States of America** are bound
by the terms acceptance of the plea agreement. Upon acceptance
of the plea agreement, the court became a party, also bound
by its terms.

The United States Probation Department and the United States
Bureau of Prisons, the Defendant, are agencies of the United
States of America. As a part of the United States of America,
these agencies are legally bound to the plea agreement's con-
tracted terms. Therefore, by holding Plaintiff accountable for
brandishing a firearm within the PSI, the United States Probation
Department breached the plea contract on the part of the United
States. Such breach has been both compounded and aggrevated
by the Defendant by its refusal to adhere to the contractual

stipulation made by the United States in the plea agreement,
to wit, Plaintiff did not brandish a firearm. By utilizing the
breaching information contained in the PSI to classify Plaintiff,
Defendant has breached the contract.

6.   The United States' breach of its contract with Plaintiff
     has resulted in his being assigned to a United States prison
     two security levels higher than the security level applicable
     had Defendant adhered to the conditions set out in plea
     contract. such two-level increase in Plaintiff's security
     level has resulted in Plaintiff's assignment to both high
     security and medium security prisons, rather than the low
     security and minimum security institutions that would have
     been assigned had Defendant contractually complied. The
     actions of Defendant has resulted in Plaintiff being sub-
     jected to significantly harsher conditions of imprisonment.
     Such violates Plaintiff's Eighth Amendment rights in that
     he has been subjected to cruel and unusual punishment as
     a result of Defendant's contractual breach.

     Generally speaking, a punishment that amounts to torture,
     or that is grossly excessive in proportion to the offense
     for which it is imposed, or that is inherently unfair, of
     that is shocking or disgusting to people of reasonable sensi-
     tivity is a 'cruel and unusual punishment'. **Barron's Law
     Dictionary,** Fifth Edition (2003) at 124.

     Plaintiff's punishment by Defendant is clearly excessive.

Had Defendant abided by the contract terms, Plaintiff would have been assigned to a significantly lower security institution and subjected to substantially less onerous terms of confinement. Further, by breaching the plea contract, the United States has imposed upon Plaintiff a punishment that is inherently unfair. As such, it is plainly obvious the United States has violated Plaintiff's Eighth Amendment rights.

## CONCLUSION

Based on the facts and arguments contained herein, this Court should rescind its Order granting defendant's motion to dismiss, reconsidering Plaintiff's arguments in light of the hereinabove.

Plaintiff prays this Court will upon such reconsideration, grant Plaintiff's request for relief as follows:

1. Rule that Defendant must waive its exemption to § 552a(e)(5) of the Privacy Act as set forth in Defendant's waiver rule, 28 C.F.R. § 16.97(k);

2. Order that Defendant enter a memorandum to Plaintiff's Inmate Central Record that; (a) acknowledges the discrepancy between information contained in Plaintiff's PSI and stipulations made by the United States in Plaintiff's plea contract; (b) that Plaintiff's plea agreement constitutes a contract between the United States and Plaintiff and, as such, the

stipulation by the United States that Plaintiff did not
brandish a firearm during the instant offenses binds Defen-
dant to that stipulation; and, (c) that statements to the
contrary contained in Plaintiff's PSI are to be ignored
for custody classification purposes.

3. Order that the Defendant cease utilizing the incorrect infor-
mation as the result of such use violates Plaintiff's Eighth
Amendment rights as set forth hereinabove.

Respectfully submitted on this the 16 day of October,
2007.

ERIC KAVE CONKLIN, Pro Se
Reg. # 19393-058
FCI-Beckley
P.O. Box 350
Beaver, WV 25813

11

# INCIDENT REPORT
## COMMONWEALTH OF VIRGINIA

**INCIDENT**

**1-PAGE:** 1  
**PAGE:** 0500

**3-INCIDENT NUMBER**
02007419

**4-DATE(S) OF INCIDENT**
10/18/2002    **5-R:** R

**7-TIME(S) OF INCIDENT**
20:10 - 20:45

**8-DAY(S) OF INCIDENT**
Friday

**9-DISPATCHER**

**10-TIME RECEIVED**

**11-TIME ARRIVED**

**12-REPORTING AREA**
0300

**13-SOLVABILITY FACTORS:**
- [ ] (1) Suspect Named
- [ ] (2) Witness to Crime
- [ ] (3) Property Traceable
- [ ] (4) Unique M.O.
- [ ] (5) Suspect Identified
- [ ] (6) Susp. Vehicle Identified
- [ ] (7) Significant Evidence

**15-EXCEPTIONAL CLEARANCE STATUS:**
- [ ] (1) Unfounded
- [ ] (2) Cleared by Arrest
- [ ] (3) Pending
- [ ] (4) Inactive
- [ ] (A) Death Of Offender
- [ ] (B) Prosecution Declined
- [ ] (C) Extradition Declined
- [ ] (D) Refused To Cooperate
- [ ] (E) Juvenile, No Custody
- [ ] (N) Not Applicable

**16-EXCEPT. CLEAR. DATE**

**17-TEMP.:**

**18-WEATHER:** (Max. 1)
- [ ] (1) Clear
- [ ] (2) Cloudy
- [ ] (3) Rain
- [ ] (4) Snow
- [ ] (5) Other
- [ ] (6) Unk.

**OFFENSE**

**19-OFFENSE #**
1

**20-UCR CODE**
90Z

**21-OFFENSE STATUS:**
- [ ] (A) Attempted
- [■] (C) Completed

**22-OFFENDER USED:** [■] (N) Not Applicable
- [ ] (A) Alcohol
- [ ] (C) Cptr. Equip.
- [ ] (D) Drugs

**23-Burglary (220) Location 14&19:**
**# PREMISES ENTERED?**

**24-FORCED ENTRY?**
- [ ] Yes
- [ ] No

**25-OFFENSE NAME**
ABUSIVE LANGUAGE

**26-ADDRESS OF OFFENSE**
1019 EAST SECOND STREET, Richlands, VA 24641

**27-DIRECTION OF TRAVEL:**
- [ ] N [ ] S [ ] E [ ] W [ ] UNK.

**28-LOCATION CODE** (enter 1)
- [ ] (01) Air/Bus/Train Terminal
- [ ] (02) Bank/Savings & Loan
- [ ] (03) Bar/Night Club
- [ ] (04) Church/Synagogue/Temple
- [ ] (05) Commercial/Office Building
- [ ] (06) Construction Site
- [ ] (07) Convenience Store
- [ ] (08) Department Discount Store
- [ ] (09) Drug Store/DR's Office/Hospital
- [ ] (10) Field/Woods
- [ ] (11) Government/Public Building
- [ ] (12) Grocery/Supermarket
- [ ] (13) Highway/Road/Alley
- [ ] (14) Hotel/Motel/Etc.
- [ ] (15) Jail/Penitentiary
- [ ] (16) Lake/Waterway
- [ ] (17) Liquor Store
- [ ] (18) Parking Lot/Garage
- [ ] (19) Rental/Storage Facility
- [■] (20) Residence/Home
- [ ] (21) Restaurant
- [ ] (22) School/College
- [ ] (23) Service/Gas Station
- [ ] (24) Speciality Store (TV,Fur,Etc.)
- [ ] (25) Other/Unknown

**29-WEAPON FORCE:** (Max. 3)
( For 11-15, place "A" in space next to box if weapon was an Automatic.)
- [ ] (11) Firearm (Type not stated)
- [ ] (12) Handgun
- [ ] (13) Rifle
- [ ] (14) Shotgun
- [ ] (15) Other Firearm
- [ ] (20) Knife/Cutting Instru. (Ax, etc.)
- [ ] (30) Blunt Object (Club, etc.)
- [ ] (35) Motor Vehicle (As weapon)
- [ ] (40) Personal Weapons (Hands, etc.)
- [ ] (50) Poison
- [ ] (60) Explosives
- [ ] (65) Fire/Incendiary Device
- [ ] (70) Narcotics/Drugs/ Sleeping Pills
- [ ] (85) Asphyxiation
- [ ] (90) Other _____
- [ ] (95) Unknown
- [ ] (99) None

**30-TYPE CRIMINAL ACTIVITY:** (Max. 3)
- [ ] (B) Buying
- [ ] (C) Cultivate/Manufacture/Publish
- [ ] (D) Distributing/Selling
- [ ] (E) Exploiting Children
- [ ] (O) Operating/Promoting/Assisting
- [ ] (P) Possessing/Concealing
- [ ] (T) Transport/Transmit/Import
- [ ] (U) Using/Consuming

**31-TYPE SECURITY:** (Max. 2)
- [ ] (A) Alarm/Audio
- [ ] (B) Alarm/Silent
- [ ] (C) Bars/Grate
- [ ] (D) Camera
- [ ] (E) Dog
- [ ] (F) Dead Bolt
- [ ] (G) Locked
- [ ] (H) Unlocked
- [ ] (I) Ext. Lights
- [ ] (J) Int. Lights
- [ ] (K) Fence
- [ ] (L) Guard
- [ ] (M) Neighborhd. Watch
- [ ] (N) Other _____
- [ ] (O) None

**32-ENTRY/EXIT:** (Max. 2 entry, 2 exit)

| En | Ex | | En | Ex | |
|---|---|---|---|---|---|
| [ ] | [ ] | (01) Front | [ ] | [ ] | (10) Attached Garage |
| [ ] | [ ] | (02) Rear | [ ] | [ ] | (11) Wall |
| [ ] | [ ] | (03) Side | [ ] | [ ] | (12) Vehicle |
| [ ] | [ ] | (04) Attic | [ ] | [ ] | (13) Floor |
| [ ] | [ ] | (05) Vent/A.C. | [ ] | [ ] | (14) Roof/Skylight |
| [ ] | [ ] | (06) Window | [ ] | [ ] | (15) Hidden Within |
| [ ] | [ ] | (07) Door | | | |
| [ ] | [ ] | (08) Patio/Sliding Dr. | [ ] | [ ] | (16) Other _____ |
| [ ] | [ ] | (09) Balcony/Fire Escape | [ ] | [ ] | (17) Unknown |

**33-HOW LEFT SCENE:** (enter 1)
- [ ] (1) Auto
- [ ] (2) Truck
- [ ] (3) Van
- [ ] (4) Motorcycle
- [ ] (5) Bicycle
- [ ] (6) Foot
- [ ] (7) Moped
- [ ] (8) Other _____
- [ ] (9) Unknown

**34-WHICH OFFENDERS ARE RELATED TO THIS OFFENSE?** (mark offender #s):
- [■] #1 [ ] #2 [ ] #3 [ ] #4 [ ] #5 [ ] #6 [ ] #7 [ ] #8 [ ] #9 [ ] #10 others:

**35-BIAS MOTIVATED CRIME:**
88 - None (No Bias)

**VICTIM**

**36-VICTIM #** 1

**37-NAME:** Last, CONKLIN, ERIC K.    First,    Middle

**38-SOC. SEC. NO.**
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

**39-DATE OF BIRTH**
04/16/1961

**40-RESIDENT ADDRESS:** Street 1019 EAST SECOND STREET, APT.# 2, Richlands, VA    City    State    **41-ZIP** 24641

**42-OCCUPATION**

**43-RESIDENT PHONE**
(296) 970-3937

**44-EMPLOYMENT PHONE**

**45-SEX:**
- [■] (M) Male
- [ ] (F) Female
- [ ] (U) Unknown

**46-ETHNIC:**
- [ ] (H) Hispanic
- [■] (N) Nonhispanic
- [ ] (U) Unknown

**47-AGE:**
Exact Age  41
Range _____

**48-RACE:**
- [■] (W) White
- [ ] (B) Black
- [ ] (I) American Indian
- [ ] (A) Asian/Pacific Islander
- [ ] (U) Unknown

**49-RES. STATUS:**
- [■] (R) Resident
- [ ] (N) Nonresident
- [ ] (U) Unknown

Range:
- [ ] (NN) Under 24 Hrs. Old
- [ ] (NB) 1-6 Days Old
- [ ] (BB) 7-364 Days Old
- [ ] (99) Over 98 Yrs. Old
- [ ] (00) Unknown

**50-VICTIM TYPE:**
- [■] (I) Individual
- [ ] (B) Business
- [ ] (F) Financial Institution
- [ ] (U) Unknown
- [ ] (G) Government
- [ ] (R) Religious
- [ ] (S) Society/Public
- [ ] (O) Other

**51-VICTIM INJURY:** (Max. 5)
- [ ] (N) None
- [ ] (B) Apparent Broken Bones
- [ ] (I) Possible Internal Injury
- [ ] (L) Severe Laceration
- [ ] (M) Apparent Minor Injury
- [ ] (O) Other Major Injury
- [ ] (T) Loss of Teeth
- [ ] (U) Unconsciousness

**52-THIS VICTIM RELATED TO WHICH OFFENSES?**
- [■] #1 [ ] #4 [ ] #7 [ ] #10
- [ ] #2 [ ] #5 [ ] #8 others:
- [ ] #3 [ ] #6 [ ] #9

**53-RELATIONSHIP OF THIS VICTIM TO OFFENDERS**
(check relationship under appropriate offender number)

| | #1 | #2 | #3 | #4 | #5 | #6 | #7 | #8 | #9 | #10 | VICTIM WAS: |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (SE) Spouse |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (CS) Common-Law Spouse |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (PA) Parent |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (SB) Sibling |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (CH) Child |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (GP) Grandparent |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (GC) Grandchild |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (IL) In-Law |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (SP) Stepparent |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (SC) Stepchild |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (SS) Stepsibling |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (OF) Other Family Member |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (AQ) Acquaintance |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (FR) Friend |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (NE) Neighbor |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (BE) Babysittee (baby) |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (BG) Boyfriend/Girlfriend |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (CF) Child of Boyfriend/Girlfriend |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (HR) Homosexual Relationship |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (XS) Ex-Spouse |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (EE) Employee |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (ER) Employer |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (OK) Otherwise Known |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (RU) Relationship Unknown |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (ST) Stranger |
| | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | (VO) Victim was Offender |

**AGGRAVATED ASSAULT/HOMICIDE CIRCUMSTANCES**

**54-Aggravated Assault/Murder:** (max. 2)
- [ ] (01) Argument
- [ ] (02) Assault On Law Enf. Officer
- [ ] (03) Drug Dealing
- [ ] (04) Gangland
- [ ] (05) Juvenile Gang
- [ ] (06) Lover's Quarrel
- [ ] (07) Mercy Killing
- [ ] (08) Other Felony Involved
- [ ] (09) Other Circumstances
- [ ] (10) Unknown Circumstances

**54-Negligent Manslaughter:** (enter 1)
- [ ] (30) Child Playing With Weapon
- [ ] (31) Gun-Cleaning Accident
- [ ] (32) Hunting Accident
- [ ] (33) Other Negligent Weapon Handling
- [ ] (34) Other Negligent Killings

**54-Justifiable Homicide:** (enter 1)
- [ ] (20) Criminal Killed by Private Citizen
- [ ] (21) Criminal Killed by Police Officer

**57-ADDITIONAL JUSTIFIABLE HOMICIDE CIRC.:** (enter 1)
- [ ] (A) Criminal Attacked Police Officer
- [ ] (B) Criminal Attacked Fellow Police Officer
- [ ] (C) Criminal Attacked Civilian
- [ ] (D) Criminal Attempted Flight from a Crime
- [ ] (E) Criminal Killed in Commission of a Crime
- [ ] (F) Criminal Resisted Arrest
- [ ] (G) Unable to Determine/Not Enough Information

**ADM**

**58-REPORT DATE**
10/18/2002

**59-DAY**
Fri

**60-TIME (Military)**
21:07

**61-REPORTING OFFICER**
Darrell McGlothlin

**62-CODE #**
128

**63-APPROVING SUPERVISOR**

**64-CODE #**

**65-DATE APPROVED**

EXHIBIT A

INCI... ...E
COMI... ...V...

| 71-PAGE # | 72-DATE | 73-INCIDENT NUMBER | 74-ORI# ("B") | 75-REPORTING OFFICER | 76-CODE # | 77-VICTIM NAME |
|---|---|---|---|---|---|---|
| 2 | 10/18/2002 | 02007419 | VA0920300 | Darrell McGlothlin | 128 | CONKLIN, ERIC K. |

**AD**

| 78-ARRESTEE # | 79-NAME  Last, | First, | Middle, | 80-AKA |
|---|---|---|---|---|
| | SMELTZER, JOSHUA ADAM | | | |

## OFFENDER / ARRESTEE

| 81-OFFENDER # | 82-RESIDENT ADDRESS  Street | City | State | 83-Zip | 84-DATE OF BIRTH |
|---|---|---|---|---|---|
| 1 | PO BOX 729, DORAN, VA | | | 24612 | 07/22/1980 |

| 85-RESIDENT PHONE | 86-EMPLOYMENT/SCHOOL PHONE | 87-DRIVER'S LICENSE | 88-DR. LI. STATE | 89-SSN |
|---|---|---|---|---|
| | | | VA | 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 |

| 90-ARREST LOCATION | 91-OCCUPATION | 92-PLACE OF EMPLOYMENT | 93-ARREST TYPE: ☐ (O) On View Arrest |
|---|---|---|---|
| | | | ☐ (S) Summons/Cited   ☐ (T) Taken Into Cust. |

**94-SEX:** ☒ (M) Male  ☐ (F) Female  ☐ (U) Unk.
**97-AGE:** EXACT AGE 22  AGE RANGE: ___ to ___
☐ (99) Over 98 Yrs. Old  ☐ (00) Unknown
**103-MULT. ARREST INDIC.:** ☐ (C) Count Arrestee  ☐ (M) Multiple  ☐ (N) N/A

**95-ETHNIC:** ☐ (H) Hispanic  ☐ (N) Nonhisp.  ☐ (U) Unk.

**96-RACE** ☒ (W) White  ☐ (B) Black  ☐ (I) American Indian  ☐ (A) Aisan/Pacific Islander  ☐ (U) Unknown

**104-DISPOSITION OF JUVENILE:** ☐ (H) Handled within Department.  ☐ (R) Referred outside Department

**105-WEAPONS AT ARREST:** (Max. 2) *(Place "A" in blank if automatic)*
☐ (01) Unarmed  ☐ (11) Firearm  ☐ (12) Handgun  ☐ (13) Rifle  ☐ (14) Shotgun  ☐ (15) Other Firearm
☐ (16) Illegal Cutting Instr.  ☐ (17) Club / Blackjack / Brass Kn.

**98-RES. STATUS:** ☐ (R) Resident  ☐ (N) Nonres.  ☐ (U) Unknown  **99-UCR ARR. CODE**  **100-OFFENSE NAME**  **101-ARREST DATE**  **102-ARREST TRANSACT.** #

**106-TYPE ARREST ACTIVITY:(Max. 3)**
☐ (B) Buying  ☐ (C) Cultivate/Manufacture/Publish  ☐ (D) Distributing/Selling  ☐ (E) Exploiting Children
☐ (O) Operating/Promoting/Assisting  ☐ (P) Possessing/Concealing  ☐ (T) Transport/Transmit/Import  ☐ (U) Using/Consuming

**107-AR. DRUG TYPE: (Max. 3)**
☐ (A) "Crack" Cocaine  ☐ (B) Cocaine  ☐ (C) Hashish  ☐ (D) Heroin
☐ (E) Marijuana  ☐ (F) Morphine  ☐ (G) Opium  ☐ (H) Other Narcotics  ☐ (I) LSD
☐ (J) PCP  ☐ (K) Other Hallucinogens  ☐ (L) Amphetamines/Methamphetamines  ☐ (M) Other Stimulants
☐ (N) Barbituates  ☐ (O) Other Depressants  ☐ (P) Other Drugs  ☐ (U) Unknown Type Drug  ☐ (X) Over 3 Drug Types

| HEIGHT | WEIGHT | HANDEDNESS | BUILD | HAIR COLOR | HAIR STYLE | HAIR LENGTH | EYE COLOR | GLASSES | SKIN TONE |
|---|---|---|---|---|---|---|---|---|---|
| 6'04" | 235 | | | BRO - Brown | | | BLU - Blue | | |

| 78-ARRESTEE # | 79-NAME  Last, | First, | Middle, | 80-AKA |
|---|---|---|---|---|
| | | | | |

| 81-OFFENDER # | 82-RESIDENT ADDRESS  Street | City | State | 83-Zip | 84-DATE OF BIRTH |
|---|---|---|---|---|---|
| | | | | | |

| 85-RESIDENT PHONE | 86-EMPLOYMENT/SCHOOL PHONE | 87-DRIVER'S LICENSE | 88-DR. LI. STATE | 89-SSN |
|---|---|---|---|---|
| | | | | |

| 90-ARREST LOCATION | 91-OCCUPATION | 92-PLACE OF EMPLOYMENT | 93-ARREST TYPE: ☐ (O) On View Arrest |
|---|---|---|---|
| | | | ☐ (S) Summons/Cited   ☐ (T) Taken Into Cust. |

**94-SEX:** ☐ (M) Male  ☐ (F) Female  ☐ (U) Unk.
**97-AGE:** EXACT AGE ___  AGE RANGE: ___ to ___
☐ (99) Over 98 Yrs. Old  ☐ (00) Unknown
**103-MULT. ARREST INDIC.:** ☐ (C) Count Arrestee  ☐ (M) Multiple  ☐ (N) N/A

**95-ETHNIC:** ☐ (H) Hispanic  ☐ (N) Nonhisp.  ☐ (U) Unk.

**96-RACE** ☐ (W) White  ☐ (B) Black  ☐ (I) American Indian  ☐ (A) Aisan/Pacific Islander  ☐ (U) Unknown

**104-DISPOSITION OF JUVENILE:** ☐ (H) Handled within Department.  ☐ (R) Referred outside Department

**105-WEAPONS AT ARREST:** (Max. 2) *(Place "A" in blank if automatic)*
☐ (01) Unarmed  ☐ (11) Firearm  ☐ (12) Handgun  ☐ (13) Rifle  ☐ (14) Shotgun  ☐ (15) Other Firearm
☐ (16) Illegal Cutting Instr.  ☐ (17) Club / Blackjack / Brass Kn.

**98-RES. STATUS:** ☐ (R) Resident  ☐ (N) Nonres.  ☐ (U) Unknown  **99-UCR ARR. CODE**  **100-OFFENSE NAME**  **101-ARREST DATE**  **102-ARREST TRANSACT.** #

**106-TYPE ARREST ACTIVITY:(Max. 3)**
☐ (B) Buying  ☐ (C) Cultivate/Manufacture/Publish  ☐ (D) Distributing/Selling  ☐ (E) Exploiting Children
☐ (O) Operating/Promoting/Assisting  ☐ (P) Possessing/Concealing  ☐ (T) Transport/Transmit/Import  ☐ (U) Using/Consuming

**107-AR. DRUG TYPE: (Max. 3)**
☐ (A) "Crack" Cocaine  ☐ (B) Cocaine  ☐ (C) Hashish  ☐ (D) Heroin
☐ (E) Marijuana  ☐ (F) Morphine  ☐ (G) Opium  ☐ (H) Other Narcotics  ☐ (I) LSD
☐ (J) PCP  ☐ (K) Other Hallucinogens  ☐ (L) Amphetamines/Methamphetamines  ☐ (M) Other Stimulants
☐ (N) Barbituates  ☐ (O) Other Depressants  ☐ (P) Other Drugs  ☐ (U) Unknown Type Drug  ☐ (X) Over 3 Drug Types

| HEIGHT | WEIGHT | HANDEDNESS | BUILD | HAIR COLOR | HAIR STYLE | HAIR LENGTH | EYE COLOR | GLASSES | SKIN TONE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

## SUBJECT DESCRIPTORS

REPORT
COMMONWEALTH OF VIRGINIA

## VEHICLE/LEAD

| 173-PAGE # | 174-DATE | 1754-INCIDENT # | 176-REPORTING OFFICER | | 177-CODE # | 178-VICTIM NAME |
|---|---|---|---|---|---|---|
| 3 | 10/18/2002 | 02007419 | Darrell McGlothlin | | 128 | CONKLIN, ERIC K. |

| 179-YEAR | 180-MAKE | 181-MODEL | 182-STYLE | 183-VIN | 184-LICENSE NUMBER | 185-STATE |
|---|---|---|---|---|---|---|
| | | | | | | |

| 186-OWNER'S NAME | 187-ADDRESS |
|---|---|
| | |

| 188-TOP/SOLID COLOR | 189-SECOND COLOR | 190-DISPOSITION OF RECOVERY: ☐ (I) Impounded ☐ (R) Rel. To Owner | 192-SUSP. VEHICLE? ☐ Y ☐ N | 193-TELETYPE NUMBER |
|---|---|---|---|---|
| | | | | |

| 179-YEAR | 180-MAKE | 181-MODEL | 182-STYLE | 183-VIN | 184-LICENSE NUMBER | 185-STATE |
|---|---|---|---|---|---|---|
| | | | | | | |

| 186-OWNER'S NAME | 187-ADDRESS |
|---|---|
| | |

| 188-TOP/SOLID COLOR | 189-SECOND COLOR | 190-DISPOSITION OF RECOVERY: ☐ (I) Impounded ☐ (R) Rel. To Owner | 192-SUSP. VEHICLE? ☐ Y ☐ N | 193-TELETYPE NUMBER |
|---|---|---|---|---|
| | | | | |

## PROPERTY

| 209-OF. CODE | 210-P. LOSS | 211-P. DES. | 212-QTY. | 213-DESCRIPTION (Include serial number, size, color, etc.) | 214-OWNER | 215-ITEM VALUE | 216-RECOV. DATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 217-TOTAL NUMBER VEHICLES STOLEN: | 218-TOTAL NUMBER VEHICLES RECOVERED: | 219-TOTAL VALUE STOLEN: | 220-TOTAL VALUE RECOVERED: |
|---|---|---|---|
| | | | |

## PROPERTY CODES

210-PROPERTY LOSS:    (1) None    (2) Burned    (3) Counterfeited/Forged    (4) Damaged/Destroyed/Vandalized    (5) Recovered    (6) Seized    (7) Stolen, etc.    (8) Unk.

211-PROPERTY DESCRIPTION:

| | | | |
|---|---|---|---|
| (01) Aircraft | (11) Drug/Narc. Equipment | (21) Negotiable Instruments | (32) Structures-Industrial/Manufacture |
| (02) Alcohol | (12) Farm Equipment | (22) Nonnegotiable Instruments | (33) Structures-Public/Community |
| (03) Automobiles | (13) Firearms | (23) Office-Type Equipment | (34) Structures-Storage |
| (04) Bicycles | (14) Gambling Equipment | (24) Other Motor Vehicles | (35) Structures-Other |
| (05) Buses | (15) Heavy Equipment-Construction/Industry | (25) Purses/Handbags/Wallets | (36) Tools-Power/Hand |
| (06) Cloths/Furs | (16) Household Goods | (26) Radios/TVs/VCRs | (37) Trucks |
| (07) Computer Hardware/Software | (17) Jewelry/Precious Metals | (27) Recordings-Audio/Visual | (38) Vehicle Parts/Accessories |
| (08) Consumable Goods | (18) Livestock | (28) Recreational Vehicles | (39) Watercraft |
| (09) Credit Cards/Debit Cards | (19) Merchandise | (29) Structures-Single Occupancy | (77) Other |
| (10) Drugs/Narcotics | (20) Money | (30) Structures-Other Dwellings | (88) Pending Inventory (of Property) |
| | | (31) Structures-Commercial/Business | (99) Special Category |

## DRUG INFO.

| 222-DRUG TYPE | 223-WHOLE DRUG QUANTITY | 224-FRACTIONAL DRUG QUANTITY | 225-DRUG MEASUREMENT | 225-TYPE DRUG MEASUREMENT: |
|---|---|---|---|---|
| | | | | WEIGHT (GM) Gram (KG) Kilogram (OZ) Ounce (LB) Pound |
| | | | | CAPACITY (ML) Milliliter (LT) Liter (FO) Fluid Ounce (GL) Gallon |

222-DRUG TYPE:

| | | | |
|---|---|---|---|
| (A) "Crack" Cocaine | (F) Morphine | (K) Other Hallucinogens | (O) Other Depressants |
| (B) Cocaine | (G) Opium | (L) Amphetamines/Methamphetamines | (P) Other Drugs |
| (C) Hashish | (H) Other Narcotics | (M) Other Stimulants | (U) Unknown Type Drug |
| (D) Heroin | (I) LSD | (N) Barbituates | (X) Over 3 Drug Types |
| (E) Marijuana | (J) PSP | | |

UNITS
(DU) Dosage Unit (Pills, etc.)
(NP) Number of Plants

## COMPLNT.

| NAME:    Last, | First, | Middle | SEX: ☐ (M) Male ☐ (F) Female ☐ (U) Unk. | AGE: _____ ☐ (00) Unknown | RACE: ☐ (W) White ☐ (B) Black ☐ (I) American Indian ☐ (A) Asian/Pacific Islander ☐ (U) Unknown |
|---|---|---|---|---|---|
| RESIDENT ADDRESS:    Street | City | State    Zip | RESIDENT PHONE | EMPLOY'T. PHONE | |

# CONFIDENTIAL SUPPLEMENT

| 226-PAGE # | 227-DATE | 228-INCIDENT NUMBER | 229-REPORTING OFFICER | 230-CODE # | 231-VICTIM NAME |
|---|---|---|---|---|---|
| 4 | 10/18/2002 | 02007419 | Darrell McGlothlin | 128 | CONKLIN, ERIC K. |

| 234--SCENE PROCESSED BY: | 236-PRINTS FOUND? ☐ Yes ■ No | 238-EVIDENCE ☐ Yes |
|---|---|---|
| | 237-PHOTOGRAPHED? ☐ Yes ■ No | OBTAINED? ■ No |

| 239-APPROVING SUPERVISOR | 240-CODE # | 241-DATE APPROVED |
|---|---|---|
| | | |

**WITNESSES**

| 243-NAME: Last, First, Middle | 244-SEX: ☐ (U) Unk. ☐ (M) Male ☐ (F) Female | 245-AGE: ___ ☐ (00) Unknown | 246-RACE: ☐ (U) Unk. ☐ (W) White ☐ (B) Black ☐ (I) American Indian ☐ (A) Asian/Pacific Islander |
|---|---|---|---|
| 247-RESIDENT ADDRESS: Street City State 248-Zip | 249-RESIDENT PHONE | 250-EMPL. PHONE | |
| 243-NAME: Last, First, Middle | 244-SEX: ☐ (U) Unk. ☐ (M) Male ☐ (F) Female | 245-AGE: ___ ☐ (00) Unknown | 246-RACE: ☐ (U) Unk. ☐ (W) White ☐ (B) Black ☐ (I) American Indian ☐ (A) Asian/Pacific Islander |
| 247-RESIDENT ADDRESS: Street City State 248-Zip | 249-RESIDENT PHONE | 250-EMPL. PHONE | |

NARRATIVE:

On Friday 10-18-02 at 2107 hours, I was dispatched to 1019 East Second Street, Richlands in reference to a verbal dispute.  Upon arrival I was informed by Victim Eric Conklin that Offender Joshua Smeltzer came to his residence cursed him stating, "Fuck you pussy boy."  Offender also threatened to destroy property belonging to Victim.

Victim was advised to obtain warrants.  Victim stated he would obtain warrants for this Incident on 10-19-02.

Victim was given a Victim/Witness Information Form.

On 13 February 2003, a check with the Tazewell County General District Court revealed no charges had been filed in reference to this Incident; therefore, this incident is inactive.

# Call Report    Call Number - 2007419

Date / Time Printed   1/19/2006   11:16

Date of Call - **10/18/2002**                    Time of Call - **20:10:44**

| Location of Occurrence | Location of Caller |
|---|---|
| Number | Number |
| Dir | Dir |
| Street Name   **EAST SECOND STREET APT 2** | Street Name |
| Apt/Loc | Apt/Loc |
| LandMark | Caller Name   **CONKLIN,ERIC** |
| Community   **CONKLIN,ERIC** | Caller Phone   **2769703937** |
| Cross Street High | Cross Street Low |
| From - To Directions | Map Grid |

Disposition     **REPORT TAKEN**

--- Incident Types Assigned To Call ---

| Incident Type | Date Assigned | Time Assigned | Dispatcher |
|---|---|---|---|
| **DISORDERLY/FIGH** | **10/18/2002** | **20:11:16** | **S7414** |

--- Unit Times ---

| Unit ID | Department | Date Assigned | Time Assigned | Status | Dispatcher |
|---|---|---|---|---|---|
| 128 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:11:24 | DISPATCHED | S7414 |
| 151 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:11:29 | DISPATCHED | S7414 |
| 152 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:12:07 | DISPATCHED | S7414 |
| 128 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:12:12 | ON SCENE | S7414 |
| 151 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:12:16 | ON SCENE | S7414 |
| 152 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:12:19 | ON SCENE | S7414 |
| 128 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:18:40 | CLEAR | S7414 |
| 151 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:18:43 | CLEAR | S7414 |
| 152 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 20:18:47 | CLEAR | S7414 |
| 128 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 21:03:30 | DISPATCHED | S7414 |
| 128 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 21:03:33 | ENROUTE | S7414 |
| 128 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 21:04:53 | ON SCENE | S7414 |
| 128 | RICHLANDS POLICE DEPARTMENT | 10/18/2002 | 21:14:12 | CLEAR | S7414 |

Call Report     Call Number - 2007419          Date / Time Printed   1/19/2006   11:16

--- Incident Locations ---

| Number | Date | Dir | Time | Street | Dispatcher | Apt/Loc | City | Landmark |
|--------|------|-----|------|--------|------------|---------|------|----------|
| | 10/18/2002 | | 20:11:08 | | | S7414 | | |
| 0 | | | | EAST SECOND STREET APT 2 | | | Not Entered | |

--- Initial Statement ---

**10-10**

--- Notes ---

10/18/02 20:17:54 S7414
CALLER STATED THAT A MALE SUBJECT WAS AT HIS HOUSE FIGHTINH WITH HIM
REQYEST OFFICER.
10/18/02 20:23:32 S7414
152 ADVISED THAT ALL SUBJECTS WERE ADVISED TO G THERE SEPARATE
WAYS,  ALSO PARTIES WERW ADVISED OF LEAGL RIGHTS
10/18/02 20:45:31 S7414
MR CONKLIN CALLED BACK ADVISED THE SUBJECT WAS THERE AGAIN ALSO THE
SMELTZER SUBJECT ADVISED THAT HE WOULD DAMAGE MR. CONKILINS
MOTORCYCLE, ALSO DISPATCH ADVISED MR CONKLIN TO STAY INSIDE AND
CALL US IF THE OFFENDER RETURNS.
10/18/02 21:07:45 S7414
128 WAS ADVISED OF THE PREVIOUS TRAFFIC, HE IS ENROUTE TO SPEAK TO MR
CONKLIN.
10/18/02 21:19:01 S7414
128 ADVISED REPORT TAKEN THE VICTIM WILL COME TO PD TO OBTAIN
WARRANTS IN THE AM.