# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| ERIC K. CONKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-155 (RBW) |
| | ) | |
| U.S. BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
|  | ) | |

---

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

The Defendant, United States Bureau of Prisons, hereby files its Opposition to Plaintiff's

Motion for Reconsideration, which is to be treated as a Motion for Relief from Judgment

pursuant to Fed. R. Civ. P. 60(b).[1/]  In support of its Opposition, Defendant respectfully states as

follows:

## I.      BACKGROUND

The facts of the case have been adequately and accurately set forth in the Federal

Defendant's previously-filed Motion to Dismiss [Dkt. No. 12].  Generally, Plaintiff alleged that

the Defendant failed to maintain accurate records in its files regarding Plaintiff's criminal

conviction.  Complaint at 4.  Plaintiff asserted the alleged inaccurate information adversely

affected his custody classification score, precluding his transfer to a lower security institution.

---

[1/]      On December 5, 2007, this Court denied Plaintiff's "Motion for Enlargement of Time in Which to File Plaintiff's Motion Requesting Reconsideration Pursuant to F.R.CR.P. Rule 59(e)," but ordered that the motion be treated as a timely motion for relief from judgment or order under Fed. R. Civ. P. 60(b).  Dkt. No. 29.  The Court then ordered the Defendant to file its opposition to Plaintiff's motion within 10 days of the entry of the Plaintiff's motion on the docket.  Plaintiff's Motion was entered onto the docket on June 3, 2008.  By filing this Opposition, Defendant does not waive its argument that Plaintiff's motion is untimely.

See Complaint at 5.  Plaintiff requested unspecified monetary damages and asks this Court to direct the BOP to correct the alleged inaccurate records.  See Complaint at 13.

On September 25, 2007, the Court entered a Memorandum and Opinion (Dkt. No. 23) and an Order (Dkt. No. 24) granting Defendant's Motion to Dismiss, finding that the Inmate Central Records System, which contains the records sought by Plaintiff to be amended, as well as the Plaintiff's custody classification were exempt by the Bureau of Prisons from the amendment provisions of the Privacy Act; and that Plaintiff is barred from monetary damages for any alleged failure to maintain accurate records.  Memorandum and Opinion (Dkt. No. 23) at 6-9.

Plaintiff now moves for the Court to reconsider the dismissal.

II.    **ARGUMENT**

Plaintiff's Motion should be denied.  Defendant re-asserts its argument that Plaintiff's Motion is untimely, as it was filed far outside the 10 day limitation period of Fed. R. Civ. P. 59. In any event, Plaintiff's Motion merely re-argues the same claims made in his opposition to Defendant's Motion to Dismiss and therefore fails to satisfy his burden under either Rule 59(e) or 60(b) to present matters not previously raised or known to the parties at the time of the Court's ruling.  Moreover, Plaintiff failed to establish any factual or legal basis to reconsider the dismissal of this action, because the Court did not err when it dismissed Plaintiff's claims.

A.    **Because Plaintiff's Motion Merely Attempts to Re-Argue Matters Raised Below, the Court Should Deny Any Reconsideration.**

It is axiomatic that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."  Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2nd Cir. 1992) (*quoting* Zdanok

v. Glidden Co., 327 F.2d 944, 953 (2d Cir.), cert. denied, 377 U.S. 934 (1964)).  A movant

cannot use the motion as a thinly-veiled attempt to relitigate or reargue issues already decided by

the Court.  See Bryson v. Gere, 268 F. Supp.2d 46, 53 (D.D.C. 2003).

Whether a motion for reconsideration is made pursuant to Fed. Civ. Rule 59(e), Rule

60(b), or the Court's inherent authority to reconsider its prior rulings, Plaintiff must demonstrate

some "manifest injustice" caused by the court's ruling.  United States v. Pollard, 290 F. Supp.2d

153, 157 (D.D.C. 2003) (under Fed. Rule 60(b), the Court's discretion should be only sparingly

used, and only allowed when movant can demonstrate some "previously undisclosed fact so

central to the litigation that it shows the initial judgment to have been manifestly unjust....")

(quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980));

Bryson, 268 F. Supp.2d at 53 (a movant must demonstrate some "intervening change in the

controlling law, the availability of new evidence, or the need to correct a clear error or manifest

injustice" before the Court should exercise its discretion to grant a motion for reconsideration).

Even so, a motion for reconsideration of an order dismissing a matter must fail unless the movant

"can demonstrate a meritorious claim or defense" to the motion upon which the Court dismissed

the complaint.  Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995).  Thus,

Plaintiff must provide the Court "with reason to believe that vacating the judgment will not be an

empty exercise or a futile gesture."  Id.

Here, Plaintiff's Motion does not argue that he has recently discovered new facts or

intervening law which would alter this Court's previous ruling.  Instead, Plaintiff argues that the

Court's decision granting Defendant's Motion to Dismiss was legally incorrect.  He then makes

the same arguments already rejected by this Court in its Memorandum Opinion.  Because

3

Plaintiff cannot demonstrate any "manifest injustice" resulting from the Court's decision, the Motion for Reconsideration should be denied.

**B.**     **Plaintiff Failed to Establish That Reconsideration Is Appropriate in this Action.**

Plaintiff asserts in his Motion for Reconsideration that because the BOP regulations exempting the Prisons Inmate Central Records System from the provision of the Privacy Act also provides for a discretionary waiver of that exemption under certain circumstances, the Court should order the BOP to exercise that discretion and waive the requirements for Plaintiff's Pre-Sentence Report ("PSI") in this situation. Not only does this Court lack the authority to review discretionary acts of the BOP, 5 U.S.C. § 701(a)(2) (administrative decisions generally are not reviewable by the courts when they are "committed to agency discretion by law"), but the records at issue here, Plaintiff's Pre-Sentence Investigation Report, are specifically identified as not subject to discretionary waiver. Indeed, as was demonstrated by the Defendant in support of its motion to dismiss, because the PSI is a court document, it cannot be changed or amended after an inmate has been sentenced. See BOP Program Statement, attached to Defendant's Motion to Dismiss as Exh. 2 at pg 19. BOP regulations provide for a notation in the inmate's file only after the United States Probation Office notifies BOP that the PSI is in error. Id. at 19-20. As Plaintiff concedes here, the United States Probation Office has denied Plaintiff's claim of error, and accordingly, Plaintiff's record may not be altered, amended or added to in any way.

Further, Plaintiff's motion does not point to newly discovered evidence or an intervening change in law that would justify altering or amending the judgment. Nor has Plaintiff demonstrated that the Court's decision is legally flawed and worked a manifest injustice. "[M]ere

4

disagreement does not support a [reconsideration] motion." <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1082 (4th Cir.1993).

Plaintiff further seems to change his litigation strategy in his motion and now argues that the plea agreement he had with the prosecutor in his criminal case constitutes a "contract" which must be enforced by the Court.  Nevertheless, Plaintiff cannot now, after judgement is entered against him, use a reconsideration motion to change tactics merely because the one used earlier failed to win the day.  <u>See</u> <u>Publishers Resource Inc. v. Walker-Davis</u>, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence.  *Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the [original] motion*") (emphasis in original); <u>Confer v. Custom Engineering Co. Employee Health Benefit Plan</u>, 760 F. Supp. 75, 77 (W.D. Pa. 1991) ("Allowing reconsideration motions for lesser causes not only wastes judicial resources, but is also unfair to parties that invest time and effort arguing on the original papers. If one party moves for disposition of an interlocutory issue, we shall not permit the other to forego making arguments in order that they may choose a more convenient time to come to court asking us to abandon the work previously done").  In any event, Plaintiff has not moved, in his criminal case, to enforce the plea agreement or withdraw his plea for any such alleged violation, and cannot do so here in a Privacy Act matter.  Thus, Plaintiff's motion for reconsideration, whether based upon Fed. Civil Rule 59(e) or 60(b), is without any factual or legal support, and should be denied.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

6

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Opposition to Plaintiff's Motion for

Relief from Judgment to be served by first class mail upon *pro se* plaintiff at:

Eric K. Conklin
No. 19393-058
FCI - Beckley
P.O. Box 350
Beaver, WV 25813

on this 6th day of June, 2008.


   /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|                          |     |                                |
|--------------------------|-----|--------------------------------|
| **ERIC K. CONKLIN,**     | )   |                                |
|                          | )   |                                |
| **Plaintiff,**           | )   |                                |
|                          | )   |                                |
| **v.**                   | )   | **Civil Action No. 07-155 (RBW)** |
|                          | )   |                                |
| **U.S. BUREAU OF PRISONS,** | ) |                                |
|                          | )   |                                |
| **Defendant.**           | )   |                                |

---

## ORDER

UPON CONSIDERATION of the Plaintiff's Motion for Relief from Judgment, the

grounds stated therein, and Defendant's Opposition thereto, and the entire record in this matter;

and the Court having found that Plaintiff has failed to establish any factual or legal basis to

reconsider the dismissal of this action,  it is by the Court this _____day of _____, 2008,

hereby

ORDERED that the Motion be and hereby is denied.


_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE