UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERIC K. CONKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0155 (RBW) |
| | ) | |
| UNITED STATES BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on plaintiff's "Request for Reconsideration," which the Court treats as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b).

A plaintiff "must clear a very high bar to obtain relief under Rule 60(b)(6)."[1] *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007). Accordingly, "motions to reconsider under Rule 60(b)(6) apply only to 'extraordinary situations' and 'should be only sparingly used.'" *United States v. Pollard*, 290 F. Supp. 2d 153, 157 (D.D.C. 2003) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988)); *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). "[A]s a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (citation omitted). However extraordinary the remedy, "it is within the district court's

---

[1] Plaintiff does not cite Rule 60(b) in his motion and therefore does not specify the provision on which he relies. In any event, it appears that only the "catch-all" clause of Rule 60(b)(6) would apply.

discretion to grant [relief under Rule 60(b)] in order to do justice." *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir.) (citing *Klapprott v. United States*, 335 U.S. 601(1949)), *reh'g denied*, 817 F.2d 761(11th Cir.), *cert. denied*, 483 U.S. 1010 (1987).

Briefly stated, plaintiff alleges that the Federal Bureau of Prisons ("BOP") maintains in its records a copy of a presentence investigation report ("PSI") containing erroneous information on which the BOP relies to his detriment in determining his security classification and custody level. According to plaintiff, the PSI indicates that he threatened a victim with a firearm. In his view, this characterization expressly contradicts the government's stipulation for sentencing purposes: that plaintiff did not brandish a firearm during the commission of the offense for which he now is serving a prison sentence. He argues that the BOP refuses to recognize the inaccuracy of the PSI, and has failed either to correct the information or to make a notation in its records as to the PSI's inaccuracies.

As is stated in the September 25, 2007 Memorandum Opinion, *see Conklin v. United States Bureau of Prisons*, 514 F. Supp. 2d 1 (D.D.C. 2007), the Court found that plaintiff's claims are barred because regulations promulgated by the BOP's Director exempt the Inmate Central Records System, where the allegedly erroneous PSI is maintained, from the amendment and accuracy provisions of the Privacy Act. Plaintiff now presents two new theories in support of his motion for reconsideration.

First, he argues that the BOP has waived or now must waive the exemption from the Privacy Act's accuracy provision, *see* 5 U.S.C. § 552a(e)(5), pursuant to 28 C.F.R. § 16.97(k). *See* Request for Recons. ¶ 4. In relevant part, the regulation provides:

> Where compliance would not appear to interfere with or adversely

> affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected, e.g. public source materials, or those supplied by third parties, the applicable exemption <u>may</u> be waived, either partially or totally, by the [BOP].

28 C.F.R. § 16.97(k) (emphasis added). Assuming that this waiver provision applies to this case, its language is permissive. Because plaintiff "does not challenge the BOP's authority to exempt its records, and the BOP did not expressly waive the exemption," *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam), the Court concludes that the BOP did not waive and is not required to waive the exemption.

Second, plaintiff argues that the BOP's reliance on the erroneous information in the PSI constitutes a breach of his plea agreement. *See* Request for Recons. ¶¶ 5-6. It appears, however, that plaintiff has "received the benefit of his bargain under the plea agreement." *United States v. Conklin*, No. 1:03cr00096, 2007 WL 2746959, at *1 (W.D.Va. Sept. 20, 2007), *aff'd*, No. 07-7468, 2007 WL 4481448 (4th Cir. Dec. 21, 2007) (per curiam). The agreement "resulted in [plaintiff] receiving a five-year sentence . . . instead of the seven-year sentence . . . he would have received if the court had found that he brandished a firearm in relation to drug trafficking offenses." *Id.*, 2007 WL 2746959, at *1. Moreover, the government's guilty plea offer "did not include a promise to omit all references in the [PSI] to evidence that Conklin used firearms in a threatening manner in relation to his drug trafficking activities," and "did [not] relate in any way to BOP classifications of federal inmates." *Id.*

Absent a showing of extraordinary circumstances to warrant relief under Rule 60(b), which plaintiff has failed to demonstrate, the motion must be denied.

Accordingly, it is hereby

ORDERED that plaintiff's motion for relief from judgment or order [Dkt. #31] is DENIED.

SO ORDERED.

/s/
REGGIE B. WALTON
United States District Judge

Date: July 31, 2008